## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:14-cv-14692-LTS |
| HOWARD B. PRESENT, | ) ) | |
| Defendant. | ) ) ) | |

### ANSWER OF HOWARD B. PRESENT TO COMPLAINT

Defendant Howard B. Present ("Mr. Present"), by and through undersigned counsel, hereby answers the Complaint of Plaintiff, the Securities and Exchange Commission ("SEC"), and asserts affirmative and other defenses.

Mr. Present denies all allegations of the Complaint that are not specifically admitted herein. The numbered paragraphs of this Answer correspond to the paragraphs as numbered in the Complaint. To the extent paragraphs in the Complaint are grouped under headings, Mr. Present responds generally that such headings and groupings are conclusions of law or fact and denies each and every allegation made or implied by such headings or groupings. To the extent paragraphs in the Complaint contain allegations that reference unidentified persons or entities, Mr. Present responds generally that he cannot respond to allegations concerning unidentified persons or entities. Mr. Present has made his best effort to respond to paragraphs containing such allegations. To the extent paragraphs in the Complaint contain allegations that refer to the operation of "F-Squared" (the "doing business as" name of F-Squared Investment Management, LLC and its subsidiaries), Mr. Present lacks sufficient knowledge or information to form a belief as to the truth of allegations concerning the company's current operations and responds based on his knowledge and information as of November 2014.

In answer to the separate numbered paragraphs of the Complaint, Mr. Present states:

1.      With respect to the first sentence of Paragraph 1, Mr. Present admits that "F-Squared" is the "doing business as" name of F-Squared Investment Management, LLC and its subsidiaries.  Mr. Present admits that F-Squared is currently headquartered in Wellesley, Massachusetts.  Mr. Present admits that F-Squared Investments, Inc. is a wholly-owned subsidiary of F-Squared Investment Management, LLC and an investment adviser and that F-Squared Investments, Inc. offers, *inter alia*, services related to a series of indices of exchange-traded funds ("ETFs") that are marketed under the name "AlphaSector."  The remaining allegations in the first sentence of Paragraph 1 are characterizations, arguments, or conclusions of law to which no response is required.  With respect to the second sentence of Paragraph 1, Mr. Present admits that he is one of the co-founders of F-Squared Investments, LLC.  Mr. Present lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the text of the second sentence of Paragraph 1 and therefore denies them.  The allegations in footnotes 1 and 2 are characterizations or definitions of the terms "index" and "exchange-traded fund" to which no response is required.  With respect to the third sentence of Paragraph 1, Mr. Present admits that, from May 2006 to November 2014, he was the Chief Executive Officer ("CEO") of F-Squared Investment Management, LLC or one of its predecessor entities.  Mr. Present denies any and all remaining allegations of Paragraph 1.

2.      Mr. Present admits that F-Squared, offers, *inter alia*, services related to indices marketed under the name "AlphaSector."  Mr. Present admits that F-Squared's U.S. equity AlphaSector indices, the AlphaSector Rotation Index ("AlphaSector Rotation Index" or "AlphaSector Rotation") and the AlphaSector Premium Index ("AlphaSector Premium Index" or "AlphaSector Premium"), are comprised of a portfolio of sector ETF securities.  Mr. Present admits that AlphaSector Rotation is evaluated for rebalancing monthly based on

buy/sell signals and that AlphaSector Premium is evaluated for rebalancing weekly based on buy/sell signals.  Mr. Present admits that the AlphaSector Rotation and AlphaSector Premium indices are published daily by NASDAQ OMX ("NASDAQ").  Mr. Present admits that NASDAQ first published the AlphaSector Rotation Index in October 2008.  Mr. Present admits that fees generated from AlphaSector have constituted a significant source of F-Squared's revenue over time.  Mr. Present lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of Paragraph 2 and therefore denies them.  The allegations in footnote 3 are characterizations or definitions of the term "model portfolio" to which no response is required.  The allegation in footnote 4 that an "'algorithm' is a mathematical model" is a characterization or definition of the term "algorithm" to which no response is required.  Mr. Present denies any and all remaining allegations of Paragraph 2.

3.      Mr. Present admits that, from May 2006 to November 2014, he was the CEO of F-Squared Investment Management, LLC or one of its predecessor entities.  Mr. Present admits that, at one or more points in time, he was quoted in F-Squared's press releases and was interviewed by media outlets.  Mr. Present admits that he was involved in the drafting of a number of F-Squared's earliest advertising materials, some of which were posted on F-Squared's website, and that he was involved in sending some of F-Squared's advertising materials to clients and prospective clients.  Mr. Present admits that he was involved in drafting descriptions of AlphaSector in one or more of F-Squared's filings with the SEC. Because the last sentence of Paragraph 3 does not identify any particular SEC filings, no further response is required.  Mr. Present denies any and all remaining allegations of Paragraph 3.

4.      The allegations in the first, second, third, fifth, and sixth sentences of Paragraph 4 state conclusions of law to which no response is required.  The allegations in

footnote 6 are characterizations or definitions of the term "backtesting" to which no response is required.  Mr. Present denies any and all remaining allegations of Paragraph 4.

5.      Mr. Present denies the allegations in the fourth, fifth, sixth, and seventh sentences of Paragraph 5.  Mr. Present denies knowing that the composite performance of AlphaSector compiled by F-Squared was based on "backtested" information.   Mr. Present lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 5 and therefore denies them.

6.      The allegations in the last sentence of Paragraph 6 state conclusions of law to which no response is required.  Mr. Present denies any and all remaining allegations of Paragraph 6.

7.      Mr. Present lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 7 and therefore denies them.  Mr. Present admits that, at some point in 2014, a total of approximately $28.5 billion of invested assets tracked one or more of F-Squared's approximately 75 AlphaSector indices.  Mr. Present admits that, between 2008 and 2014, and upon stepping down from his position as CEO of F-Squared Investment Management, LLC in November 2014, he received compensation and distributions from one or more F-Squared entities.  The precise amount and form of compensation and distributions Mr. Present received is set forth in F-Squared documents, which speak for themselves.  Mr. Present denies any and all remaining allegations of Paragraph 7.

8.      Paragraph 8 states conclusions of law to which no response is required.  Mr. Present denies any and all remaining allegations of Paragraph 8.

9.      Mr. Present admits that the SEC purports in this action to seek the relief set forth in Paragraph 9 but denies that the SEC is entitled to such relief.  Paragraph 9 otherwise

states conclusions of law to which no response is required.  Mr. Present denies any and all remaining allegations of Paragraph 9.

10.     Mr. Present admits that the SEC purports in this action to seek the relief set forth in Paragraph 10 but denies that the SEC is entitled to such relief.  Paragraph 10 otherwise states conclusions of law to which no response is required.  Mr. Present denies any and all remaining allegations of Paragraph 10.

11.     Mr. Present admits that he resides, and has resided since 1993, within this District.  Mr. Present does not contest this Court's jurisdiction over this action and does not contest venue in this District.

12.     Paragraph 12 states conclusions of law to which no response is required.  Mr. Present denies any and all remaining allegations of Paragraph 12.

13.      Paragraph 13 states conclusions of law to which no response is required.  Mr. Present denies any and all remaining allegations of Paragraph 13.

14.     Mr. Present admits that, as of the date of the filing of this Complaint, he was 53-years old, and that he lives in Wellesley, Massachusetts.  Mr. Present admits that he was one of the co-founders of F-Squared Investments, LLC and that he was the CEO of F-Squared Investment Management, LLC or one of its predecessor entities from May 2006 to on or about November 14, 2014.  Mr. Present admits that before co-founding F-Squared Investments, LLC, he had a long career in the investment management industry and that his work at times included the development and marketing of mutual funds.  Mr. Present admits that from approximately April 2002 to approximately November 2004, he was the managing director and head of global product management at an investment management company and was part of a group that at times provided information that was included in some of that company's advertising materials.  Mr. Present admits that from approximately June 1996 to approximately January 2002, he was the managing director and head of global product

management at an investment management company and was part of a group that at times provided information that was included in some of that company's advertising materials. Mr. Present denies any and all remaining allegations of Paragraph 14.

15.     Mr. Present admits that F-Squared Investments, Inc. registered with the SEC as an investment adviser in or about March 2008. Mr. Present admits that F-Squared's headquarters are currently in Wellesley, Massachusetts. Mr. Present admits that F-Squared publishes approximately 75 AlphaSector indices and offers services linked to those indices. Mr. Present lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence of Paragraph 15 and therefore denies them. Mr. Present admits that, at some point in 2014, a total of approximately $28.5 billion of invested assets tracked one or more of F-Squared's approximately 75 AlphaSector indices. Mr. Present admits that, as of approximately November 2014, F-Squared was the sub-advisor for approximately $13 billion of mutual fund assets and that, as of November 2014, other assets were invested through separately managed accounts that bought and sold ETFs based on information from F-Squared. Mr. Present lacks knowledge or information sufficient to form a belief as to the remaining allegations in the last two sentences of Paragraph 15 and therefore denies them. The allegations in footnote 7 purport to characterize or describe a December 22, 2014 SEC administrative order, which speaks for itself. Mr. Present denies any and all remaining allegations of Paragraph 15.

16.     Mr. Present admits that he co-founded F-Squared Investments, LLC in 2006. Mr. Present lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 16 and therefore denies them. Mr. Present denies the remaining allegations of Paragraph 16.

17.     Mr. Present admits that, as of mid-2008, he had an equity stake in an F-Squared entity. Mr. Present lacks knowledge or information sufficient to form a belief as to

the truth of the remaining allegations in the first sentence of Paragraph 17 and therefore denies them.  Mr. Present denies any and all remaining allegations of Paragraph 17.

18.     Mr. Present admits that, beginning in or about the first quarter of 2008, he had numerous discussions, including with David Jay Morton, the principal of Morton Financial, a private wealth advisory firm, relating to both F-Squared's AlphaCycle indices and Mr. Morton's firm's sector rotation strategy using ETFs.  Mr. Present denies any and all remaining allegations of Paragraph 18.

19.     Mr. Present admits that, in or about the late spring or summer of 2008, he was told that Corey Hoffstein was working for Mr. Morton as a summer intern and that Mr. Hoffstein was working on various quantitative projects.  Mr. Present denies any and all remaining allegations of Paragraph 19.

20.     Paragraph 20 appears to characterize or describe written communications, which speak for themselves.  Mr. Present denies any and all remaining allegations of Paragraph 20.

21.     Mr. Present admits that, in or about the summer of 2008, he and/or other persons at F-Squared from time to time received information and documents from Mr. Morton, Newfound Research ("NFR"), and/or one or more representatives of Morton Financial or NFR.  Paragraph 21 appears to characterize or describe one or more documents, which speak for themselves.  Mr. Present denies any and all remaining allegations of Paragraph 21.

22.     Mr. Present admits that he and/or one or more F-Squared employees worked to convert information related to Mr. Morton's sector rotation strategy that they received from Mr. Morton, NFR, and/or one or more representatives of Morton Financial or NFR into an index.  Mr. Present denies any and all remaining allegations of Paragraph 22.

23.     Paragraph 23 appears to quote, characterize, or describe email communications, all of which speak for themselves.  Mr. Present denies any and all remaining allegations of Paragraph 23.

24.     Paragraph 24 appears to quote, characterize, or describe a July 31, 2008 email, and one or more other documents, all of which speak for themselves.  Mr. Present denies any and all remaining allegations of Paragraph 24.

25.     Paragraph 25 appears to characterize or describe one or more documents, which speak for themselves.  Mr. Present lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 25 and therefore denies them.

26.     Paragraph 26 appears to quote, characterize, or describe August 8, 2008 emails, and a document, all of which speak for themselves.  The allegations in the last sentence of Paragraph 26 state conclusions of law to which no response is required.  Mr. Present denies any and all remaining allegations of Paragraph 26.

27.     Paragraph 27 purports to quote, characterize, or describe August 8, 2008 emails, which speak for themselves.  Mr. Present denies any and all remaining allegations of Paragraph 27.

28.     Mr. Present admits that he met with Mr. Hoffstein in or about August 2008 to discuss Mr. Hoffstein's work on an algorithm.  Paragraph 28 appears to quote, characterize, or describe August 2008 email communications, all of which speak for themselves.  Mr. Present denies any and all remaining allegations of Paragraph 28.

29.     The allegations in the text of Paragraph 29 appear to characterize or describe one or more documents, which speak for themselves.  The allegations in footnote 8 are characterizations or definitions of the term "simple moving average" to which no response is required.  Mr. Present denies any and all remaining allegations of Paragraph 29.

30.     Paragraph 30 appears to quote, characterize, or describe an August 27, 2008 document, which speaks for itself.  Mr. Present admits that F-Squared contracted with NASDAQ, and not the American Stock Exchange, for the publication of F-Squared's AlphaSector indices.  Mr. Present denies any and all remaining allegations of Paragraph 30.

31.     Mr. Present admits that, on or about September 2, 2008, F-Squared entered into an agreement with New Found Research LLC.[1]  Paragraph 31 appears to characterize or describe that agreement, which speaks for itself.  Mr. Present denies any and all remaining allegations of Paragraph 31.

32.     Paragraph 32 appears to quote, characterize, or describe September 2008 email communications, and one or more other documents, all of which speak for themselves.  Mr. Present denies any and all remaining allegations of Paragraph 32.

33.     With respect to the first and second sentences of Paragraph 33, Mr. Present admits that, in or about September 2008, he asked an F-Squared employee to compile a composite performance record for an index from information that he and/or one or more F-Squared employees received from Mr. Morton, NFR, and/or one or more representatives of Morton Financial or NFR that included data from the 60-week simple moving average, the 40-week simple moving average, and the most recent algorithm.  With respect to the third and fourth sentences of Paragraph 33, Mr. Present denies knowing that the composite performance of the index compiled by F-Squared was based on "backtested" information.  Mr. Present lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the third and fourth sentences of Paragraph 33 and therefore denies them.  Mr. Present denies any and all remaining allegations of Paragraph 33.

---

[1] Mr. Present understands the current name of this entity to be Newfound Research LLC or Newfound Research ("NFR").

34.     Paragraph 34 purports to quote, characterize, or describe a September 5, 2008 email, which speaks for itself.  The allegations in the last sentence of Paragraph 34 state conclusions of law to which no response is required.  Mr. Present denies any and all remaining allegations of Paragraph 34.

35.     Paragraph 35 appears to quote, characterize, or describe one or more documents, which speak for themselves.  The allegations in the last sentence of Paragraph 35 state conclusions of law to which no response is required.  Mr. Present denies any and all remaining allegations of Paragraph 35.

36.     Paragraph 36 appears to quote, characterize, or describe a September 11, 2008 email and one or more other documents, all of which speak for themselves.  The allegations in the last sentence of Paragraph 36 state conclusions of law to which no response is required.  Mr. Present denies any and all remaining allegations of Paragraph 36.

37.     Paragraph 37 purports to quote, characterize, or describe a September 18, 2008 press release and September 23, 2008 emails and attachments, all of which speak for themselves.  The allegations in the last sentence of Paragraph 37 state conclusions of law to which no response is required.  Mr. Present denies any and all remaining allegations of Paragraph 37.

38.     Paragraph 38 appears to quote, characterize, or describe various documents, all of which speak for themselves.  The allegations in the last sentence of Paragraph 38 state conclusions of law to which no response is required.  Mr. Present denies any and all remaining allegations of Paragraph 38.

39.     Paragraph 39 appears to quote, characterize, or describe one or more documents, which speak for themselves.  Mr. Present denies any and all remaining allegations of Paragraph 39.

40.     Paragraph 40 appears to quote, characterize, or describe September 2008 written communications, which speak for themselves.  The allegations in the last sentence of Paragraph 40 state conclusions of law to which no response is required.  Mr. Present denies any and all remaining allegations of Paragraph 40.

41.     Mr. Present admits that, in or about the summer and early fall of 2008, he and/or other persons at F-Squared received information and documents from Mr. Morton, NFR, and/or one or more representatives of Morton Financial or NFR.  To the extent the first sentence of Paragraph 41 purports to characterize or describe documents or allegations purportedly referenced in Paragraphs 21, 29, and 32, Mr. Present repeats and incorporates by reference his responses to Paragraphs 21, 29 and 32.  The allegations in the first, second, and third sentences of Paragraph 41 appear to characterize or describe documents Mr. Present received between July 29, 2008 and September 8, 2008, all of which speak for themselves.  Mr. Present lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth and fifth sentences of Paragraph 41 and therefore denies them.  Mr. Present denies any and all remaining allegations of Paragraph 41.

42.     The first, second, and third sentences of Paragraph 42 appears to characterize or describe one or more documents, which speak for themselves.  Mr. Present lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of Paragraph 42 and therefore denies them.  Mr. Present denies any and all remaining allegations of Paragraph 42.

43.     The sentences preceding the last sentence of Paragraph 43 purport to quote, characterize, or describe a September 23, 2008 email, and one or more other documents, all of which speak for themselves.  Mr. Present lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of Paragraph 43 and therefore denies them.  Mr. Present denies any and all remaining allegations of Paragraph 43.

44.     Mr. Present denies the allegations of Paragraph 44.

45.     Mr. Present lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 45 and therefore denies them.  Mr. Present denies the remaining allegations of Paragraph 45.

46.     Paragraph 46 repeats allegations made in Paragraphs 3 and 14.  Mr. Present repeats and incorporates by reference his response to the same allegations in Paragraph 3 and 14.  Mr. Present denies any and all remaining allegations of Paragraph 46.

47.     The last sentence of Paragraph 47 references unidentified subsequent allegations of the Complaint.  Because the allegations are not identified, Mr. Present cannot respond to them.  Paragraph 47 otherwise states conclusions of law to which no response is required.  Mr. Present denies any and all remaining allegations of Paragraph 47.

48.     Paragraph 48 appears to quote, characterize, or describe an October 3, 2008 email, and one or more other documents, all of which speak for themselves.  The allegations in the last sentence of Paragraph 48 state conclusions of law to which no response is required. Mr. Present denies any and all remaining allegations of Paragraph 48.

49.     Mr. Present admits that F-Squared Investments, Inc. is an investment adviser registered with the SEC.  The remaining allegations in the first sentence of Paragraph 49 are conclusions of law to which no response is required.  The remainder of Paragraph 49 appears to quote, characterize, or describe an October 14, 2008 document filed by F-Squared with the SEC, which speaks for itself.  The allegations in the last sentence of Paragraph 49 state conclusions of law to which no response is required.  Mr. Present denies any and all remaining allegations of Paragraph 49.

50.     Paragraph 50 purports to quote, characterize, or describe an article published by *Investment News* on November 3, 2008, which speaks for itself.  The allegations in the last

sentence of Paragraph 50 state conclusions of law to which no response is required.  Mr. Present denies any and all remaining allegations of Paragraph 50.

51.     Mr. Present admits that, in or about the fourth quarter of 2008, F-Squared began offering services related to its AlphaSector Premium Index.  Mr. Present admits that AlphaSector Premium was evaluated for rebalancing weekly, while AlphaSector Rotation was evaluated for rebalancing monthly.  Mr. Present lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 51 and therefore denies them.  The allegations in the fourth, fifth, and sixth sentences of Paragraph 51 appear to characterize or describe one or more documents, which speak for themselves.  The allegations in the last sentence of Paragraph 51 state conclusions of law to which no response is required.  Mr. Present denies any and all remaining allegations of Paragraph 51.

52.     Paragraph 52 appears to quote, characterize, or describe one or more documents, which speak for themselves.  The allegations in the last sentence of Paragraph 52 state conclusions of law to which no response is required.  Mr. Present denies any and all remaining allegations of Paragraph 52.

53.     Paragraph 53 appears to quote, characterize, or describe one or more documents, which speak for themselves.  The allegations in the last sentence of Paragraph 53 state conclusions of law to which no response is required.  Mr. Present denies any and all remaining allegations of Paragraph 53.

54.     Paragraph 54 purports to quote, characterize, or describe a May 19, 2009 press release, which speaks for itself.  The allegations in the last sentence of Paragraph 54 state conclusions of law to which no response is required.  Mr. Present denies any and all remaining allegations of Paragraph 54.

55.     Mr. Present denies the allegations in the first sentence of Paragraph 55.  Mr. Present lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 55 and therefore denies them.

56.     Mr. Present admits that, in or about September 2009, a mutual fund company hired F-Squared as a mutual fund sub-advisor and that Mr. Present was involved in discussions leading up to that hiring.  The first sentence of Paragraph 56 appears to characterize or describe a sub-advisory agreement between F-Squared and the mutual fund company that hired F-Squared in September 2009, which speaks for itself.  The allegations in the second sentence of Paragraph 56 are characterizations, arguments, or conclusions of law to which no response is required.  Mr. Present denies any and all remaining allegations of Paragraph 56.  Mr. Present responds sub-paragraph by sub-paragraph below.

a.      Sub-paragraph 56(a) purports to quote, characterize, or describe one or more documents, which speak for themselves.  The allegations in the last sentence of sub-paragraph 56(a) state conclusions of law to which no response is required.  Mr. Present denies any and all remaining allegations of sub-paragraph 56(a).

b.      Sub-paragraph 56(b) purports to quote, characterize, or describe one or more documents, which speak for themselves.  The allegations in the last sentence of sub-paragraph 56(b) state conclusions of law to which no response is required.  Mr. Present denies any and all remaining allegations of sub-paragraph 56(b).

c.      Sub-paragraph 56(c) appears to quote, characterize, or describe one or more documents, which speak for themselves.  The allegations in footnote 9 are characterizations of Section 15(c) of the Investment Company Act, which speaks for itself. The allegations in the last sentence of sub-paragraph 56(c) state conclusions of law to which no response is required.  Mr. Present denies any and all remaining allegations of sub-paragraph 56(c).

d.      Sub-paragraph 56(d) purports to quote, characterize, or describe one or more documents, which speak for themselves.  The allegations in the last sentence of sub-paragraph 56(d) state conclusions of law to which no response is required.  Mr. Present denies any and all remaining allegations of sub-paragraph 56(d).

e.      Sub-paragraph 56(e) purports to quote, characterize, or describe one or more documents, which speak for themselves.  The allegations in the last sentence of sub-paragraph 56(e) state conclusions of law to which no response is required.  Mr. Present denies any and all remaining allegations of sub-paragraph 56(e).

f.      Sub-paragraph 56(f) purports to quote, characterize or describe one or more documents, which speak for themselves.  The allegations in the last sentence of sub-paragraph 56(f) state conclusions of law to which no response is required.  Mr. Present denies any and all remaining allegations of sub-paragraph 56(f).

g.      Sub-paragraph 56(g) appears to quote, characterize, or describe a September 16, 2009 email, which speaks for itself.  The allegations in the last sentence of sub-paragraph 56(g) state conclusions of law to which no response is required.  Mr. Present denies any and all remaining allegations of sub-paragraph 56(g).

h.      The first sentence of sub-paragraph 56(h) appears to characterize or describe an October 1, 2009 document, which speaks for itself.  Mr. Present lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence of sub-paragraph 56(h) and therefore denies them.  Sub-paragraph 56(h) appears to quote, characterize, or describe one or more other documents, all of which speak for themselves.  The allegations in the last sentence of sub-paragraph (h) state conclusions of law to which no response is required.  Mr. Present denies any and all remaining allegations of sub-paragraph 56(h).

i.      Sub-paragraph 56(i) appears to quote, characterize, or describe one or more documents, which speak for themselves.  The allegations in the last sentence of sub-paragraph 56(i) state conclusions of law to which no response is required.  Mr. Present denies any and all remaining allegations of sub-paragraph 56(i).

57.      Paragraph 57 purports to characterize or describe January 13, 2010 press releases, which speak for themselves.  The allegations in the last sentence of Paragraph 57 state conclusions of law to which no response is required.  Mr. Present denies any and all remaining allegations of Paragraph 57.

58.      Paragraph 58 purports to quote, characterize, or describe an article published by *Investment Weekly News* on January 30, 2010, which speaks for itself.  The allegations in the last sentence of Paragraph 58 state conclusions of law to which no response is required.  Mr. Present denies any and all remaining allegations of Paragraph 58.

59.      Paragraph 59 purports to quote, characterize, or describe an interview published by *Investment Management Weekly* on May 7, 2010, which speaks for itself.  The allegations in the last sentence of Paragraph 59 state conclusions of law to which no response is required.  Mr. Present denies any and all remaining allegations of Paragraph 59.

60.      Paragraph 60 purports to quote, characterize, or describe a June 28, 2010 email, which speaks for itself.  The allegations in the last sentence of Paragraph 60 state conclusions of law to which no response is required.  Mr. Present denies any and all remaining allegations of Paragraph 60.

61.      Paragraph 61 purports to quote, characterize, or describe a "portfolio manager profile" published by *Bank Investment Consultant* on October 1, 2010, which speaks for itself.  Mr. Present admits that press coverage regarding F-Squared was, at times, posted on the company's website but lacks knowledge or information sufficient to form a belief as to whether the profile referenced in Paragraph 61 was posted on the website and therefore

denies that allegation.  The allegations in the last sentence of Paragraph 61 state conclusions of law to which no response is required.  Mr. Present denies any and all remaining allegations of Paragraph 61.

62.     Paragraph 62 appears to quote, characterize, or describe November 3, 2010 and January 21, 2011 emails, which speak for themselves.  The allegations in the last sentence of Paragraph 62 state conclusions of law to which no response is required.  Mr. Present denies any and all remaining allegations of Paragraph 62.

63.     Paragraph 63 appears to quote, characterize, or describe a March 9, 2011 document, which speaks for itself.  The allegations in the last sentence of Paragraph 63 state conclusions of law to which no response is required.  Mr. Present denies any and all remaining allegations of Paragraph 63.

64.     Paragraph 64 purport to quote, characterize, or describe a September 28, 2011 interview of Mr. Present conducted by *Closing Bell*, which speaks for itself.  Mr. Present admits that press coverage regarding F-Squared was, at times, posted on the company's website but lacks knowledge or information sufficient to form a belief as to whether the interview referenced in Paragraph 64 was posted on the website and therefore denies that allegation.  The allegations in the last sentence of Paragraph 64 state conclusions of law to which no response is required.  Mr. Present denies any and all remaining allegations of Paragraph 64.

65.     Paragraph 65 purports to quote, characterize, or describe an article published by *Private Wealth* on March 6, 2012, which speaks for itself.  The allegations in the last sentence of Paragraph 65 state conclusions of law to which no response is required.  Mr. Present denies any and all remaining allegations of Paragraph 65.

66.     Paragraph 66 purports to quote, characterize, or describe a March 23, 2012 document filed by F-Squared with the SEC, which speaks for itself.  The allegations in the

last sentence of Paragraph 66 state conclusions of law to which no response is required.  Mr. Present denies any and all remaining allegations of Paragraph 66.

67.     Mr. Present admits that F-Squared's assets tracking the AlphaSector indices grew in 2010 and 2011 and that F-Squared's subadvisory relationship with a mutual fund company contributed to that growth.  Mr. Present lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 67 and therefore denies them.

68.     Mr. Present admits that, in 2012, F-Squared retained a compliance firm to conduct a "mock audit."  Paragraph 68 appears to quote, characterize, or describe an audit report received by F-Squared and written communications, all of which speak for themselves. Mr. Present denies any and all remaining allegations of Paragraph 68.

69.     Paragraph 69 appears to quote, characterize, or describe a June 18, 2012 document, which speaks for itself.  To the extent Paragraph 69 purports to characterize or describe documents or allegations purportedly referenced in Paragraphs 29 and 32, Mr. Present repeats and incorporates by reference his responses to Paragraphs 29 and 32.  Mr. Present denies any and all remaining allegations of Paragraph 69.

70.     Paragraph 70 appears to quote, characterize, or describe a June 18, 2012 email, which speaks for itself.  Mr. Present admits that he did not seek the referenced letter from the author of the referenced email.  Mr. Present denies any and all remaining allegations of Paragraph 70.

71.     Mr. Present denies the allegations of Paragraph 71.

72.     Paragraph 72 purports to quote, characterize, or describe an October 8, 2012 document filed by F-Squared with the SEC, which speaks for itself.  The allegations in the last sentence of Paragraph 72 state conclusions of law to which no response is required.  Mr. Present denies any and all remaining allegations of Paragraph 72.

73.     The first, second, third, and fourth sentences of Paragraph 73 appear to quote, characterize, or describe an October 15, 2012 document, which speaks for itself.  Prior to discovery, Mr. Present lacks knowledge or information sufficient to form a belief as to the truth of the allegation in the last sentence of Paragraph 73 and therefore denies it.  Mr. Present denies any and all remaining allegations of Paragraph 73.

74.     The allegations in the first, second, third, and fifth sentences of Paragraph 74 appear to characterize or describe a series of emails and other documents, all of which speak for themselves.  Mr. Present lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence of Paragraph 74 and therefore denies them.  To the extent the fifth sentence of Paragraph 74 purports to characterize or describe documents or allegations purportedly referenced in Paragraph 43, Mr. Present repeats and incorporates by reference his response to Paragraph 43.  Mr. Present denies any and all remaining allegations of Paragraph 74.

75.     Mr. Present admits that he gave a presentation at a sales meeting in or about December 2012.  Paragraph 75 appears to quote, characterize, or describe an October 26, 2012 email and a presentation, which speak for themselves.  The allegations in the last sentence of Paragraph 75 state conclusions of law to which no response is required.  Mr. Present denies any and all remaining allegations of Paragraph 75.

76.     Paragraph 76 purports to quote, characterize, or describe an April 1, 2013 document filed by F-Squared with the SEC, which speaks for itself.  The allegations in the last sentence of Paragraph 76 state conclusions of law to which no response is required.  Mr. Present denies any and all remaining allegations of Paragraph 76.

77.     Mr. Present lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 77 and therefore denies them.

78.     Mr. Present admits that he met with Mr. Hoffstein and Mr. Rosedale on or about July 1, 2013.  Mr. Present denies the remaining allegations of Paragraph 78.

79.     Mr. Present admits that as of approximately late July or early August 2013, an examination of F-Squared by the SEC was underway.  Mr. Present lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence of Paragraph 79 and therefore denies them.  With respect to the second sentence of Paragraph 79, Mr. Present admits that SEC staff interviewed him in or about late July or early August 2013 and that, during that interview, he said that the performance of AlphaSector prior to September 2008 was based on information provided by another investment adviser and noted that confidentiality provisions in F-Squared's agreement with NFR imposed certain limitations on him.  The allegations in the last sentence, including the indented portion, of Paragraph 79 appear to quote, characterize, or describe a written document request, which speaks for itself.  Mr. Present denies any and all remaining allegations of Paragraph 79.

80.     Mr. Present admits that SEC staff were in F-Squared's office in Wellesley, Massachusetts in or about late July 2013.  Paragraph 80 purports to quote, characterize, or describe a July 31, 2013 email and a July 31, 2013 voice mail, which speak for themselves.  Mr. Present lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 80 and therefore denies them.

81.     Paragraph 81 purports to quote, characterize, or describe an August 1, 2013 email and a document, which speak for themselves.  Mr. Present admits that, in or about late July or August 2013, he told F-Squared's CCO that someone associated with Mr. Morton's firm had provided to an F-Squared employee the information reflected in the referenced document.  Mr. Present admits that he told F-Squared's CCO that the information reflected in the referenced document confirmed Mr. Morton's or Mr. Morton's firm's use of a sector rotation strategy.  Mr. Present lacks knowledge or information sufficient to form a belief as to

the truth of the allegations in the last sentence of Paragraph 81 and therefore denies them.

Mr. Present denies any and all remaining allegations of Paragraph 81.

82.    Paragraph 82 purports to quote, characterize, or describe a September 4, 2013 email, which speaks for itself.  Mr. Present denies any and all remaining allegations of Paragraph 82.

83.    Mr. Present admits that F-Squared presentations were, at times, posted on the company's website but lacks knowledge or information sufficient to form a belief as to the truth of the allegation that the presentations referenced in Paragraph 83 were on the company's website on September 16, 2013 and therefore denies that allegation.  The allegations of Paragraph 83 otherwise state conclusions of law to which no response is required.  Mr. Present denies any and all remaining allegations of Paragraph 83.  Mr. Present responds sub-paragraph by sub-paragraph below.

a.    Sub-paragraph 83(a) purports to quote, characterize, or describe a document, which speaks for itself.  The allegations in the last sentence of sub-paragraph 83(a) state conclusions of law to which no response is required.  Mr. Present denies any and all remaining allegations of sub-paragraph 83(a).

b.    Sub-paragraph 83(b) purports to quote, characterize, or describe a document, which speaks for itself.  The allegations in the last sentence of sub-paragraph 83(b) state conclusions of law to which no response is required.  Mr. Present denies any and all remaining allegations of sub-paragraph 83(b).

c.    Sub-paragraph 83(c) purports to quote, characterize, or describe a document, which speaks for itself.  The allegations in the last sentence of sub-paragraph 83(c) state conclusions of law to which no response is required.  Mr. Present denies any and all remaining allegations of sub-paragraph 83(c).

      d.      Sub-paragraph 83(d) purports to quote, characterize, or describe a document, which speaks for itself.  To the extent the remaining allegations of sub-paragraph 83(d) purport to characterize or describe documents or allegations purportedly referenced in Paragraph 83(d), Mr. Present repeats and incorporates by reference his response to Paragraph 83(d).  Mr. Present denies any and all remaining allegations of sub-paragraph 83(d).

      e.      Sub-paragraph 83(e) purports to quote, characterize, or describe a "Manager Profile" published by *Bank Investment Consultant* on October 1, 2010, which speaks for itself.  To the extent the remaining allegations of sub-paragraph 83(e) purport to characterize or describe documents or allegations purportedly referenced in Paragraph 61, Mr. Present repeats and incorporates by reference his response to Paragraph 61.  Mr. Present denies any and all remaining allegations of sub-paragraph 83(e).

84.      Paragraph 84 purports to quote, characterize, or describe a September 23, 2013 document, which speaks for itself.  Mr. Present denies any and all remaining allegations of Paragraph 84.

85.      Paragraph 85 repeats allegations made in Paragraph 7.  Mr. Present repeats and incorporates by reference his response to the same allegations in Paragraph 7.  Mr. Present denies any and all remaining allegations of Paragraph 85.

86.      The first sentence of Paragraph 86 references unidentified preceding allegations of the Complaint.  Because the allegations are not identified, Mr. Present cannot respond to them.  The allegations of Paragraph 86 otherwise state conclusions of law to which no response is required.  Mr. Present denies any and all remaining allegations of Paragraph 86.

87.      Mr. Present lacks knowledge or information sufficient to form a belief as to the truth of the allegation in sub-paragraph 87(i) that "[t]he S&P 500 Index fell nearly 25% in 2002" and therefore denies that allegation.  Paragraph 87 and its sub-paragraphs otherwise

state conclusions of law to which no response is required.  Mr. Present denies any and all remaining allegations of Paragraph 87 and its sub-paragraphs.

88.     Mr. Present denies the allegations of Paragraph 88.  To the extent Paragraph 88 purports to reference portions of Paragraphs 30 and 39, Mr. Present incorporates herein his responses to the pertinent allegations of Paragraphs 30 and 39.

89.     Mr. Present denies the allegations in the first sentence of Paragraph 89.  Mr. Present lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 89 and therefore denies them.

90.     Mr. Present denies the allegations in the first and second sentences of Paragraph 90.  Mr. Present admits that, as of 2008, he had many years of experience in the investment management industry, but denies the remaining allegations in the third sentence of Paragraph 90.  The allegations in the last sentence of Paragraph 90 are hypothetical statements or conclusions of law to which no response is required.  Mr. Present denies any and all remaining allegations of Paragraph 90.

91.     Mr. Present repeats and incorporates by reference his responses to Paragraphs 1 through 90.

92.     Mr. Present admits that he was an investment adviser while at F-Squared. Paragraph 92 otherwise states conclusions of law to which no response is required.  Mr. Present denies any and all remaining allegations of Paragraph 92.

93.     The allegations of Paragraph 93 are characterizations of Sections 206(1) and 206(2) of the Advisers Act, which speak for themselves.  Mr. Present denies any and all remaining allegations of Paragraph 93.

94.     Paragraph 94 references unidentified preceding allegations of the Complaint. Because the allegations are not identified, Mr. Present cannot respond to them.  Paragraph 94

otherwise states conclusions of law to which no response is required.  Mr. Present denies any and all remaining allegations of Paragraph 94.

95.     Paragraph 95 states conclusions of law to which no response is required.  Mr. Present denies any and all remaining allegations of Paragraph 95.

96.     Mr. Present repeats and incorporates by reference his responses to Paragraphs 1 through 90.

97.     The allegations of Paragraph 97 are characterizations of Section 206(4) of the Advisers Act, Rule 206(4)-8, and Section 3(a) of the Investment Company Act of 1940, which speak for themselves.  Mr. Present denies any and all remaining allegations of Paragraph 97.

98.     Paragraph 98 references unidentified preceding allegations of the Complaint. Because the allegations are not identified, Mr. Present cannot respond to them.  Paragraph 98 otherwise states conclusions of law to which no response is required.  Mr. Present denies any and all remaining allegations of Paragraph 98.

99.     Paragraph 99 states conclusions of law to which no response of required.  Mr. Present denies any and all remaining allegations of Paragraph 99.

100.    Mr. Present repeats and incorporates by reference his responses to Paragraphs 1 through 90.

101.    The allegations of Paragraph 101 are characterizations of Sections 207 and 203 of the Advisers Act, which speak for themselves.  Mr. Present denies any and all remaining allegations of Paragraph 101.

102.    The first sentence of Paragraph 102 references unidentified preceding allegations of the Complaint.  Because the allegations are not identified, Mr. Present cannot respond to them.  With respect to the remaining allegations in the first sentence of Paragraph 102, Mr. Present admits that he was involved in drafting descriptions of AlphaSector in one

or more of F-Squared's filings with the SEC.  Because Paragraph 102 does not identify any particular filings, no further response is required.  The second sentence of Paragraph 102 states conclusions of law to which no response is required.  Mr. Present denies any and all remaining allegations of Paragraph 102.

103.    Paragraph 103 states conclusions of law to which no response is required.  Mr. Present denies any and all remaining allegations of Paragraph 103.

104.    Mr. Present repeats and incorporates by reference his responses to Paragraphs 1 through 90.

105.    The first sentence of Paragraph 105 references unidentified preceding allegations of the Complaint.  Because the allegations are not identified, Mr. Present cannot respond to them.  The allegations of Paragraph 105 otherwise are characterizations of Section 206(4) of the Advisers Act and Rule 206(4)-1, which speak for themselves.  Mr. Present denies any and all remaining allegations of Paragraph 105.

106.    The first sentence of Paragraph 106 references unidentified preceding allegations of the Complaint.  Because the allegations are not identified, Mr. Present cannot respond to them.  With respect to the remaining allegations in the first sentence of Paragraph 106, Mr. Present admits that F-Squared Investments, Inc. registered with the SEC as an investment adviser in or about March 2008.  The allegations of Paragraph 106 otherwise state conclusions of law to which no response is required.  Mr. Present denies any and all remaining allegations of Paragraph 106.

107.    Paragraph 107 states conclusions of law to which no response is required.  Mr. Present denies any and all remaining allegations of Paragraph 107.

Mr. Present denies any and all averments in the headings and subheadings of the Complaint.

The Prayer for Relief at the end of the Complaint contains conclusions of law to which no response is required. To the extent any response is required, Mr. Present denies that Plaintiff is entitled to the requested relief.

## AFFIRMATIVE DEFENSES

Without assuming any burden of pleading or proof that would otherwise rest on Plaintiff, Mr. Present asserts the following separate and additional defenses, all of which are pleaded in the alternative, and none of which constitutes an admission with respect to any of the allegations of the Complaint or an admission that the SEC is entitled to any relief whatsoever. By designating the following affirmative defenses, Mr. Present does not in any way waive or limit any defenses which are or may be raised by his denials and averments set forth herein.

1.     The Complaint fails to state a claim upon which relief may be granted and should be dismissed.

2.     The SEC's claims are barred, in whole or in part, because, at all times mentioned in the Complaint and with respect to all matters referenced therein, Mr. Present acted in good faith, and did not know, and in the exercise of reasonable care could not have known, of any alleged misstatements or omissions of material fact referenced in the Complaint.

3.     The SEC's claims are barred, in whole or in part because, at all times mentioned in the Complaint and with respect to all matters referenced therein, any and all actions taken by Mr. Present were proper and consistent with his duties and obligations.

4.     The SEC's claims are barred, in whole or in part, by the applicable statutes of limitations or repose.

5.     The SEC's claims, and the allegations upon which they are based, are vague, ambiguous, and confusing.

6.      The SEC's claims are barred, in whole or in part, to the extent that those claims seek to impose upon Mr. Present any duties or obligations that are inconsistent with those imposed pursuant to law.

7.      The SEC's claims are barred, in whole or in part, to the extent any alleged misrepresentations or omissions and any allegedly false or misleading statements would not have been deemed "material" by a reasonable investor in light of the totality of the circumstances.

8.      The SEC's claims are barred, in whole or in part, on the grounds that Mr. Present did not act at any time with scienter or intent to deceive, manipulate, or defraud investors or anyone else.

9.      The SEC's claims are barred, in whole or in part, on the grounds that Mr. Present did not act at any time with the intent to disregard regulatory requirements.

10.      The SEC's claims are barred, in whole or in part, because Mr. Present reasonably relied upon the work, advice, professional judgment, and opinions of others, including but not limited to legal and compliance professionals, upon which Mr. Present was entitled to rely.

11.      The SEC's claims are barred, in whole or in part, because any alleged misrepresentations or allegedly false or misleading statements or omissions referenced in the Complaint were inadvertent and unintentional.

12.      The SEC's claims are barred, in whole or in part, because Mr. Present had no reasonable ground to believe, and did not believe, that the statements referenced in the Complaint were untrue or contained any material omission.

13.      The SEC's claims are barred, in whole or in part, because any alleged misrepresentations or allegedly false or misleading statements or omissions referenced in the

Complaint were based on information supplied by other sources, which information Mr. Present reasonably believed to be true.

14.     The SEC's claims are barred, in whole or in part, because material information alleged to have been omitted was in fact adequately disclosed to and/or otherwise known to investors.

15.     The SEC's claims for injunctive relief are barred, in whole or in part, because the SEC has an adequate remedy at law, the SEC has not satisfied the prerequisites for injunctive relief, and there is no likelihood Mr. Present will commit any future violation of the securities laws.

16.     The SEC's requested relief is not supported by the SEC's claims because Mr. Present's alleged conduct did not cause loss or harm to anyone.

17.     Mr. Present is not liable for any statements not made by him.

18.     Mr. Present presently lacks knowledge or information sufficient to form a belief as to whether there may be other, as yet unstated, defenses available to him, and therefore expressly:  (1) reserves the right to amend or supplement his Answer, defenses, and all other pleadings; and (2) reserves the right to assert any and all additional defenses under any applicable law in the event that discovery indicates such defenses would be appropriate.

WHEREFORE, Mr. Present prays for judgment as follows:

1.     That the Complaint be dismissed with prejudice and that the relief sought by Plaintiff be denied in its entirety;

2.     That the Court enter judgment in favor of Mr. Present; and

3.     That this Court award such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Mr. Present demands

trial by jury in this action of all issues so triable, whether at law or in equity.


Dated: March 23, 2015                                    Respectfully submitted,


                                                        /s/ *David M. Zinn*
                                                        Brendan V. Sullivan, Jr. (*pro hac vice*)
                                                        David M. Zinn (*pro hac vice*)
                                                        Marcie R. Ziegler (*pro hac vice*)
                                                        Charles D. Niemeier (*pro hac vice*)
                                                        Steven M. Cady (*pro hac vice*)
                                                        Julia H. Pudlin (*pro hac vice*)

                                                        Williams & Connolly LLP
                                                        725 12th Street, N.W.
                                                        Washington, DC  20005
                                                        Tel: (202) 434-5000
                                                        Fax: (202) 434-5029
                                                        E-mail: dzinn@wc.com

                                                        /s/ *Michael J. Tuteur*
                                                        Michael J. Tuteur, BBO# 543780

                                                        Foley & Lardner LLP
                                                        111 Huntington Avenue, Suite 2500
                                                        Boston, MA 02199
                                                        Tel: (617) 342-4000
                                                        Fax: (617) 342-4001
                                                        E-mail: mtuteur@foley.com

                                                        *Counsel for Howard Present*

**CERTIFICATE OF SERVICE**

I hereby certify that, on March 23, 2015 a copy of the foregoing Answer was electronically filed through the ECF system and will be sent electronically to all persons identified on the Notice of Electronic Filing.

Dated:  March 23, 2015                     */s/ David M. Zinn*
                                        David M. Zinn