# Exhibit B

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

        v.

HOWARD B. PRESENT,

    Defendant.

)
)
)
)
)
)
)
)
)
)

Civil Action No. 1:14-cv-14692-LTS

### NOTICE OF SUBPOENA TO MORTON WEALTH ADVISORS

    PLEASE TAKE NOTICE that Defendant Howard B. Present will serve upon Morton

Wealth Advisors, in the form attached hereto, a subpoena for the production of documents.

HOWARD B. PRESENT,
By his Attorneys,

Michael A. Collora (BBO #092940)
Anthony E. Fuller (BBO # 633246)
Justin P. O'Brien (BBO #658765)
Lauren A. Graber (BBO #679226)
COLLORA LLP
100 High Street, 20th Floor
Boston, MA 02110
Telephone: (617) 371-1000
Facsimile: (617) 371-1037
mcollora@collorallp.com
afuller@collorallp.com
jobrien@collorallp.com
lgraber@collorallp.com

Dated: 12/14/2015

### Certificate of Service

    I certify that on 12/14/2015 a copy of the foregoing was served upon counsel of record
by U.S. Mail.
hand

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Massachusetts

| | |
|---|---|
| Securities and Exchange Commission | ) |
| _Plaintiff_ | ) |
| v. | ) |
| Howard B. Present | ) |
| _Defendant_ | ) |
| | ) |

Civil Action No.   14-CV-14692-LTS

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   Morton Wealth Advisors c/o David Jay Morton, 4 Copley Place, 6th Floor, Boston, MA 02116

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: see Exhibit A attached

| Place: Collora LLP (attn: Justin O'Brien)<br>100 High Street, 20th Floor<br>Boston, MA 02110 | Date and Time:<br>12/30/2015 9:00 am |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   12/14/2015

CLERK OF COURT

_____      OR      _____
_Signature of Clerk or Deputy Clerk_                            _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_   Howard B. Present
_____ , who issues or requests this subpoena, are:

Justin O'Brien, Collora LLP, 100 High St., 20th Floor, Boston, MA 02110, jobrien@collorallp.com, (617) 371-1035

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   14-CV-14692-LTS

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                                    *Server's signature*

                                             _____
                                                    *Printed name and title*

                                             _____
                                                    *Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
   (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

## DEFINITIONS

1.     The term "Morton Wealth" as used herein shall mean and refer to the entities currently or at any time doing business under the names "Morton Wealth Advisors," "Morton Wealth Advisors II, Inc.," "Morton Wealth Advisors Inc.," or "Morton Financial," including current and former subsidiary companies, parent companies, related companies, affiliated companies, divisions, predecessors, successors, assigns, agents, officers, directors, partners, members, attorneys, representatives, employees, and any person or entity currently or at any time acting on one or more of these entities' behalf or purporting to act on one or more of these entities' behalf.

2.     The term "Newfound Research" as used herein shall mean and refer to the entities currently or at any time doing business under the names "Newfound Holdings LLC," "Newfound Research LLC," "Newfound Research, LLC," "New Found Research LLC," "Newfound Investments, LLC," "Newfound Investments LLC," "NFR," "Newfound," or "Sand Hill Cove Management, LLC," including current and former subsidiary companies, parent companies, related companies, affiliated companies, divisions, predecessors, successors, assigns, agents, officers, directors, partners, members, attorneys, representatives, employees, and any person or entity currently or at any time acting on one or more of these entities' behalf or purporting to act on one or more of these entities' behalf, including Hoffstein and Tom Rosedale ("Rosedale").

3.     The term "Copeland" as used herein shall mean and refer to the entities currently or at any time doing business under the names "Copeland Capital Management, LLC," "Copeland," or "Copeland Risk Management Dividend Growth Fund," including current and former subsidiary companies, parent companies, related companies, predecessors, and

successors, including "Rorer Asset Management," and any of their agents, officers, directors, attorneys, representatives, employees, and anyone acting or purporting to act on their behalf, including Eric C. Brown ("Brown") and Edward C. ("Ted") Rorer ("Rorer").

4.      The term "Edgartown Portfolio" as used herein shall mean and refer to the investment strategy or portfolio identified as or marketed under the name "Edgartown Portfolio" or "Edgartown."

5.      The term "Wellesley Portfolio" as used herein shall mean and refer to the investment strategy or portfolio identified as or marketed under the name "Wellesley Portfolio" or "Wellesley."

6.      The term "Risk Managed Dividend Growth" as used herein shall mean and refer to the Copeland "Risk Managed Dividend Growth Strategy" and Copeland "Risk Managed Dividend Growth Index" ("CDGR" or "CDGX").

7.      The term "consulting services" as used herein shall mean the provision of professional financial management or planning advice, other than such advice provided through or in conjunction with direct management of investments.

8.      The term "F-Squared" as used herein shall mean and refer to the entities currently or at any time doing business under the names "F-Squared," "F-Squared Investment Management, LLC," "F-Squared Investments, Inc.," "F-Squared Institutional Advisors, LLC," "F-Squared Alternative Investments, LLC," "F-Squared Capital, LLC," "F-Squared Retirement Solutions, LLC," or "Active Index Solutions, LLC," including current and former subsidiary companies, parent companies, related companies, predecessors, successors, agents, officers, directors, attorneys, representatives, employees, and anyone acting on these entities' behalf or purporting to act on their behalf, including Howard Present.

9.     The term "Communication" as used herein shall mean the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

10.     The term "Document" as used herein shall be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a).  A draft or non-identical copy is a separate document within the meaning of this term.

11.     The term "concerning" as used herein shall mean referring to, describing, evidencing, or constituting.

12.     The term "including" as used herein shall mean "including without limitation." Under no circumstance shall use of the word "including" in any request be construed to limit the scope of documents responsive to any request.

13.     The terms "any" and "all" as used herein shall be construed as "any and all."

14.     The terms "and" and "or" as used herein shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

15.     The terms "you," "yours," or "yourselves" as used herein shall mean you and any agents, representatives, other persons, or entities, including attorneys, acting or purporting to act on your behalf.

16.     The use of the singular form of any word includes the plural, and the use of the plural form of any word includes the singular.

## INSTRUCTIONS

1.     You are not required at this time to re-produce in response to these requests documents that you have previously produced to the SEC in its investigation *In the Matter of F-Squared Investments, Inc.* (B-02855), or that you have previously produced to Plaintiff in

connection with *Securities & Exchange Commission v. Howard B. Present*, U.S. District Court for the District of Massachusetts Civil Action No. 14-14692-LTS.

2.      Except as otherwise specified, materials responsive to these requests are those created on or after January 1, 2007.

3.      Unless otherwise specified, these requests call for all responsive documents or information in your possession, custody, or control, including, but not limited to, documents in the possession of affiliated entities or your employees, attorneys, agents, representatives, or family members.  In responding to the request, every source of documents to which you have access should be consulted, regardless of whether the source is within your immediate possession, custody, or control.

4.      If, in responding to any of these requests, you encounter any ambiguity in construing either the request or a definition or instructions relevant to it, set forth the matter deemed ambiguous and the construction selected or used in responding to the request.

5.      Produce all documents as they are kept in the normal course of business and identify the file from which each document was taken as well as the name, affiliation, and position for each custodian for each file.

6.      If any document requested was, but no longer is, in your possession or subject to your control and cannot be produced by you, state for such document whether the document is missing or lost, has been destroyed, has been transferred voluntarily or involuntarily to others, or has been otherwise disposed of, and in each instance explain the circumstances surrounding the disposition of the documents, state the date or approximate date of that disposition, and identify the person who you believe has control of the document.

7.      These requests are continuing in character and require further response if

additional documents or information is obtained or located after the time of initial production.

8.     Whenever a request calls for production of a document claimed by you to be privileged, please furnish a list identifying each document for which the privilege is claimed together with the following information: the type of communication; the date or dates of the communication; the name, position, and address of each person who participated in the communication, to whom the communication was addressed, or to whom the communication or the contents thereof have been communicated by any means; the general subject matter of the communication; and the basis or bases for the claim of privilege. If you claim privilege with regard to only part of a document, produce the other part to which there is no privilege claim.

9.     If you intend to withhold any documents on the basis of an objection, please state so in your response. If you note an objection but indicate that responsive documents are nonetheless being produced, we will construe your statement as a representation that you are producing all responsive documents notwithstanding the objection, save for any privileged documents that are identified on a privilege log.

10.     If no documents exist that are responsive to the request, so state in writing.

11.     All documents produced in response to these requests should be Bates stamped or otherwise marked in sequential order.

12.     In producing documents the following specifications should be used:

     a.     Documents should be produced in native format.

     b.     Documents may be delivered via FTP or on CDs, DVDs, or external USB hard drives to Justin O'Brien, Collora LLP, 100 High Street, 20th Floor, Boston, MA 02110. Each media volume should have its own unique name and a consistent naming convention (e.g., ZZZ001 or SMITH001).

## EXHIBIT A

## DEFINITIONS

1.      The term "Morton Wealth" as used herein shall mean and refer to the entities currently or at any time doing business under the names "Morton Wealth Advisors," "Morton Wealth Advisors II, Inc.," "Morton Wealth Advisors Inc.," or "Morton Financial," including current and former subsidiary companies, parent companies, related companies, affiliated companies, divisions, predecessors, successors, assigns, agents, officers, directors, partners, members, attorneys, representatives, employees, and any person or entity currently or at any time acting on one or more of these entities' behalf or purporting to act on one or more of these entities' behalf.

2.      The term "Newfound Research" as used herein shall mean and refer to the entities currently or at any time doing business under the names "Newfound Holdings LLC," "Newfound Research LLC," "Newfound Research, LLC," "New Found Research LLC," "Newfound Investments, LLC," "Newfound Investments LLC," "NFR," "Newfound," or "Sand Hill Cove Management, LLC," including current and former subsidiary companies, parent companies, related companies, affiliated companies, divisions, predecessors, successors, assigns, agents, officers, directors, partners, members, attorneys, representatives, employees, and any person or entity currently or at any time acting on one or more of these entities' behalf or purporting to act on one or more of these entities' behalf, including Hoffstein and Tom Rosedale ("Rosedale").

3.      The term "Copeland" as used herein shall mean and refer to the entities currently or at any time doing business under the names "Copeland Capital Management, LLC," "Copeland," or "Copeland Risk Management Dividend Growth Fund," including current and former subsidiary companies, parent companies, related companies, predecessors, and

successors, including "Rorer Asset Management," and any of their agents, officers, directors, attorneys, representatives, employees, and anyone acting or purporting to act on their behalf, including Eric C. Brown ("Brown") and Edward C. ("Ted") Rorer ("Rorer").

4.      The term "Edgartown Portfolio" as used herein shall mean and refer to the investment strategy or portfolio identified as or marketed under the name "Edgartown Portfolio" or "Edgartown."

5.      The term "Wellesley Portfolio" as used herein shall mean and refer to the investment strategy or portfolio identified as or marketed under the name "Wellesley Portfolio" or "Wellesley."

6.      The term "Risk Managed Dividend Growth" as used herein shall mean and refer to the Copeland "Risk Managed Dividend Growth Strategy" and Copeland "Risk Managed Dividend Growth Index" ("CDGR" or "CDGX").

7.      The term "consulting services" as used herein shall mean the provision of professional financial management or planning advice, other than such advice provided through or in conjunction with direct management of investments.

8.      The term "F-Squared" as used herein shall mean and refer to the entities currently or at any time doing business under the names "F-Squared," "F-Squared Investment Management, LLC," "F-Squared Investments, Inc.," "F-Squared Institutional Advisors, LLC," "F-Squared Alternative Investments, LLC," "F-Squared Capital, LLC," "F-Squared Retirement Solutions, LLC," or "Active Index Solutions, LLC," including current and former subsidiary companies, parent companies, related companies, predecessors, successors, agents, officers, directors, attorneys, representatives, employees, and anyone acting on these entities' behalf or purporting to act on their behalf, including Howard Present.

9.      The term "Communication" as used herein shall mean the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

10.      The term "Document" as used herein shall be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a).  A draft or non-identical copy is a separate document within the meaning of this term.

11.      The term "concerning" as used herein shall mean referring to, describing, evidencing, or constituting.

12.      The term "including" as used herein shall mean "including without limitation." Under no circumstance shall use of the word "including" in any request be construed to limit the scope of documents responsive to any request.

13.      The terms "any" and "all" as used herein shall be construed as "any and all."

14.      The terms "and" and "or" as used herein shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

15.      The terms "you," "yours," or "yourselves" as used herein shall mean you and any agents, representatives, other persons, or entities, including attorneys, acting or purporting to act on your behalf.

16.      The use of the singular form of any word includes the plural, and the use of the plural form of any word includes the singular.

## INSTRUCTIONS

1.      You are not required at this time to re-produce in response to these requests documents that you have previously produced to the SEC in its investigation *In the Matter of F-Squared Investments, Inc.* (B-02855), or that you have previously produced to Plaintiff in

connection with *Securities & Exchange Commission v. Howard B. Present*, U.S. District Court for the District of Massachusetts Civil Action No. 14-14692-LTS.

2.      Except as otherwise specified, materials responsive to these requests are those created on or after January 1, 2007.

3.      Unless otherwise specified, these requests call for all responsive documents or information in your possession, custody, or control, including, but not limited to, documents in the possession of affiliated entities or your employees, attorneys, agents, representatives, or family members.  In responding to the request, every source of documents to which you have access should be consulted, regardless of whether the source is within your immediate possession, custody, or control.

4.      If, in responding to any of these requests, you encounter any ambiguity in construing either the request or a definition or instructions relevant to it, set forth the matter deemed ambiguous and the construction selected or used in responding to the request.

5.      Produce all documents as they are kept in the normal course of business and identify the file from which each document was taken as well as the name, affiliation, and position for each custodian for each file.

6.      If any document requested was, but no longer is, in your possession or subject to your control and cannot be produced by you, state for such document whether the document is missing or lost, has been destroyed, has been transferred voluntarily or involuntarily to others, or has been otherwise disposed of, and in each instance explain the circumstances surrounding the disposition of the documents, state the date or approximate date of that disposition, and identify the person who you believe has control of the document.

7.      These requests are continuing in character and require further response if

additional documents or information is obtained or located after the time of initial production.

8.      Whenever a request calls for production of a document claimed by you to be privileged, please furnish a list identifying each document for which the privilege is claimed together with the following information:  the type of communication; the date or dates of the communication; the name, position, and address of each person who participated in the communication, to whom the communication was addressed, or to whom the communication or the contents thereof have been communicated by any means; the general subject matter of the communication; and the basis or bases for the claim of privilege.  If you claim privilege with regard to only part of a document, produce the other part to which there is no privilege claim.

9.      If you intend to withhold any documents on the basis of an objection, please state so in your response.  If you note an objection but indicate that responsive documents are nonetheless being produced, we will construe your statement as a representation that you are producing all responsive documents notwithstanding the objection, save for any privileged documents that are identified on a privilege log.

10.      If no documents exist that are responsive to the request, so state in writing.

11.      All documents produced in response to these requests should be Bates stamped or otherwise marked in sequential order.

12.      In producing documents the following specifications should be used:

  a.      Documents should be produced in native format.

  b.      Documents may be delivered via FTP or on CDs, DVDs, or external USB hard drives to Justin O'Brien, Collora LLP, 100 High Street, 20th Floor, Boston, MA 02110.  Each media volume should have its own unique name and a consistent naming convention (e.g., ZZZ001 or SMITH001).

## DOCUMENTS TO BE PRODUCED BY MORTON WEALTH OR DAVID J. MORTON

1.     All Documents filed publicly by Morton Wealth through 2012 with a state or federal regulator.

2.     Every Form ADV Part 2, and associated Forms F, G, and H, completed by and made publicly available by Morton Wealth through 2012.

3.     All federal tax filings by Morton Wealth for the years 2007, 2008, 2009, and 2010.

4.     All Communications through March 2011 within, between, or among Morton Wealth, Copeland, and Newfound Research concerning the investment strategies and objectives of the Edgartown Portfolio, Wellesley Portfolio, or Risk Managed Dividend Growth.

5.     All Documents through March 2011 concerning the identification, determination, and use of the analytical tools or technical research tools, quantitative sector signals, sector decisions, investment criteria, and other elements that constitute the Edgartown Portfolio, Wellesley Portfolio, or Risk Managed Dividend Growth.

6.     All Documents through March 2011 concerning the inception date for, performance of, and due diligence or quality control related to the Edgartown Portfolio, Wellesley Portfolio, or Risk Managed Dividend Growth, including all such marketing materials, publicly filed Documents, and Communications (including Communications between Morton Wealth and BIC Group, LLC, Newfound Research, the BRL Law Group, or F-Squared).

7.     All marketing materials including PowerPoint documents, presentations, brochures, or pamphlets provided to any prospective client of Morton Wealth or David J. Morton during the years 2007 through 2010.

8.      Documents sufficient to identify clients or customers to whom Morton Wealth or David J. Morton provided consulting services during 2007 through 2012, including the addresses of such clients or customers, the dates of initial engagement between such clients or customers and Morton Wealth or David J. Morton, and the volume of assets of such clients or customers at the time of initial engagement with Morton Wealth or David J. Morton.

9.      All Documents provided by Morton Wealth, including David J. Morton, to F-Squared either:

    a.   Pursuant to the Statement of Work No. 1 attached to the Data Provider Agreement dated as of September 2, 2008;

    b.   Regarding any and all sector ETF signals relating to the period April 1, 2008 – September 1, 2008; or

    c.   Regarding output from the Morton Wealth "search engine" relating to the period January 1, 2008 – September 1, 2008.

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>HOWARD B. PRESENT,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No. 1:14-cv-14692-LTS |

### NOTICE OF SUBPOENA TO DAVID JAY MORTON

PLEASE TAKE NOTICE that Defendant Howard B. Present will serve upon David Jay

Morton, in the form attached hereto, a subpoena for the production of documents.

HOWARD B. PRESENT,
By his Attorneys,

Michael A. Collora (BBO #092940)
Anthony E. Fuller (BBO # 633246)
Justin P. O'Brien (BBO #658765)
Lauren A. Graber (BBO #679226)
COLLORA LLP
100 High Street, 20th Floor
Boston, MA  02110
Telephone: (617) 371-1000
Facsimile: (617) 371-1037
mcollora@collorallp.com
afuller@collorallp.com
jobrien@collorallp.com
lgraber@collorallp.com

Dated: 12/14/2015

### Certificate of Service

I certify that on 12/14/2015 a copy of the foregoing was served upon counsel of record by U.S. Mail.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
### District of Massachusetts

| | |
|---|---|
| Securities and Exchange Commission | ) |
| *Plaintiff* | ) |
| v. | ) |
| Howard B. Present | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.   14-CV-14692-LTS

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     David Jay Morton, Morton Wealth Advisors, 4 Copley Place, 6th Floor, Boston, MA 02116

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: see Exhibit A attached

| Place: Collora LLP (attn: Justin O'Brien) 100 High Street, 20th Floor Boston, MA 02110 | Date and Time: 12/30/2015 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     12/14/2015

| *CLERK OF COURT* | | |
|---|---|---|
| _____ | OR | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Howard B. Present
_____, who issues or requests this subpoena, are:

Justin O'Brien, Collora LLP, 100 High St., 20th Floor, Boston, MA 02110, jobrien@collorallp.com, (617) 371-1035

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   14-CV-14692-LTS

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date:  _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  (1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

  (2) *For Other Discovery.* A subpoena may command:
    (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  (1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  (2) *Command to Produce Materials or Permit Inspection.*
    (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  (3) *Quashing or Modifying a Subpoena.*
    (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
    (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  (1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  (2) *Claiming Privilege or Protection.*
    (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

## DEFINITIONS

1.      The term "Morton Wealth" as used herein shall mean and refer to the entities

currently or at any time doing business under the names "Morton Wealth Advisors," "Morton

Wealth Advisors II, Inc.," "Morton Wealth Advisors Inc.," or "Morton Financial," including

current and former subsidiary companies, parent companies, related companies, affiliated

companies, divisions, predecessors, successors, assigns, agents, officers, directors, partners,

members, attorneys, representatives, employees, and any person or entity currently or at any time

acting on one or more of these entities' behalf or purporting to act on one or more of these

entities' behalf.

2.      The term "Newfound Research" as used herein shall mean and refer to the entities

currently or at any time doing business under the names "Newfound Holdings LLC," "Newfound

Research LLC," "Newfound Research, LLC," "New Found Research LLC," "Newfound

Investments, LLC," "Newfound Investments LLC," "NFR," "Newfound," or "Sand Hill Cove

Management, LLC," including current and former subsidiary companies, parent companies,

related companies, affiliated companies, divisions, predecessors, successors, assigns, agents,

officers, directors, partners, members, attorneys, representatives, employees, and any person or

entity currently or at any time acting on one or more of these entities' behalf or purporting to act

on one or more of these entities' behalf, including Hoffstein and Tom Rosedale ("Rosedale").

3.      The term "Copeland" as used herein shall mean and refer to the entities currently

or at any time doing business under the names "Copeland Capital Management, LLC,"

"Copeland," or "Copeland Risk Management Dividend Growth Fund," including current and

former subsidiary companies, parent companies, related companies, predecessors, and

successors, including "Rorer Asset Management," and any of their agents, officers, directors, attorneys, representatives, employees, and anyone acting or purporting to act on their behalf, including Eric C. Brown ("Brown") and Edward C. ("Ted") Rorer ("Rorer").

4.    The term "Edgartown Portfolio" as used herein shall mean and refer to the investment strategy or portfolio identified as or marketed under the name "Edgartown Portfolio" or "Edgartown."

5.    The term "Wellesley Portfolio" as used herein shall mean and refer to the investment strategy or portfolio identified as or marketed under the name "Wellesley Portfolio" or "Wellesley."

6.    The term "Risk Managed Dividend Growth" as used herein shall mean and refer to the Copeland "Risk Managed Dividend Growth Strategy" and Copeland "Risk Managed Dividend Growth Index" ("CDGR" or "CDGX").

7.    The term "consulting services" as used herein shall mean the provision of professional financial management or planning advice, other than such advice provided through or in conjunction with direct management of investments.

8.    The term "F-Squared" as used herein shall mean and refer to the entities currently or at any time doing business under the names "F-Squared," "F-Squared Investment Management, LLC," "F-Squared Investments, Inc.," "F-Squared Institutional Advisors, LLC," "F-Squared Alternative Investments, LLC," "F-Squared Capital, LLC," "F-Squared Retirement Solutions, LLC," or "Active Index Solutions, LLC," including current and former subsidiary companies, parent companies, related companies, predecessors, successors, agents, officers, directors, attorneys, representatives, employees, and anyone acting on these entities' behalf or purporting to act on their behalf, including Howard Present.

9.      The term "Communication" as used herein shall mean the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

10.     The term "Document" as used herein shall be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a).  A draft or non-identical copy is a separate document within the meaning of this term.

11.     The term "concerning" as used herein shall mean referring to, describing, evidencing, or constituting.

12.     The term "including" as used herein shall mean "including without limitation." Under no circumstance shall use of the word "including" in any request be construed to limit the scope of documents responsive to any request.

13.     The terms "any" and "all" as used herein shall be construed as "any and all."

14.     The terms "and" and "or" as used herein shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

15.     The terms "you," "yours," or "yourselves" as used herein shall mean you and any agents, representatives, other persons, or entities, including attorneys, acting or purporting to act on your behalf.

16.     The use of the singular form of any word includes the plural, and the use of the plural form of any word includes the singular.

## INSTRUCTIONS

1.      You are not required at this time to re-produce in response to these requests documents that you have previously produced to the SEC in its investigation *In the Matter of F-Squared Investments, Inc.* (B-02855), or that you have previously produced to Plaintiff in

connection with *Securities & Exchange Commission v. Howard B. Present*, U.S. District Court for the District of Massachusetts Civil Action No. 14-14692-LTS.

2.      Except as otherwise specified, materials responsive to these requests are those created on or after January 1, 2007.

3.      Unless otherwise specified, these requests call for all responsive documents or information in your possession, custody, or control, including, but not limited to, documents in the possession of affiliated entities or your employees, attorneys, agents, representatives, or family members.  In responding to the request, every source of documents to which you have access should be consulted, regardless of whether the source is within your immediate possession, custody, or control.

4.      If, in responding to any of these requests, you encounter any ambiguity in construing either the request or a definition or instructions relevant to it, set forth the matter deemed ambiguous and the construction selected or used in responding to the request.

5.      Produce all documents as they are kept in the normal course of business and identify the file from which each document was taken as well as the name, affiliation, and position for each custodian for each file.

6.      If any document requested was, but no longer is, in your possession or subject to your control and cannot be produced by you, state for such document whether the document is missing or lost, has been destroyed, has been transferred voluntarily or involuntarily to others, or has been otherwise disposed of, and in each instance explain the circumstances surrounding the disposition of the documents, state the date or approximate date of that disposition, and identify the person who you believe has control of the document.

7.      These requests are continuing in character and require further response if

additional documents or information is obtained or located after the time of initial production.

8.     Whenever a request calls for production of a document claimed by you to be privileged, please furnish a list identifying each document for which the privilege is claimed together with the following information:  the type of communication; the date or dates of the communication; the name, position, and address of each person who participated in the communication, to whom the communication was addressed, or to whom the communication or the contents thereof have been communicated by any means; the general subject matter of the communication; and the basis or bases for the claim of privilege.  If you claim privilege with regard to only part of a document, produce the other part to which there is no privilege claim.

9.     If you intend to withhold any documents on the basis of an objection, please state so in your response.  If you note an objection but indicate that responsive documents are nonetheless being produced, we will construe your statement as a representation that you are producing all responsive documents notwithstanding the objection, save for any privileged documents that are identified on a privilege log.

10.    If no documents exist that are responsive to the request, so state in writing.

11.    All documents produced in response to these requests should be Bates stamped or otherwise marked in sequential order.

12.    In producing documents the following specifications should be used:

    a.     Documents should be produced in native format.

    b.     Documents may be delivered via FTP or on CDs, DVDs, or external USB hard drives to Justin O'Brien, Collora LLP, 100 High Street, 20th Floor, Boston, MA 02110.  Each media volume should have its own unique name and a consistent naming convention (e.g., ZZZ001 or SMITH001).

## DOCUMENTS TO BE PRODUCED BY MORTON WEALTH OR DAVID J. MORTON

1.      All Documents filed publicly by Morton Wealth through 2012 with a state or federal regulator.

2.      Every Form ADV Part 2, and associated Forms F, G, and H, completed by and made publicly available by Morton Wealth through 2012.

3.      All federal tax filings by Morton Wealth for the years 2007, 2008, 2009, and 2010.

4.      All Communications through March 2011 within, between, or among Morton Wealth, Copeland, and Newfound Research concerning the investment strategies and objectives of the Edgartown Portfolio, Wellesley Portfolio, or Risk Managed Dividend Growth.

5.      All Documents through March 2011 concerning the identification, determination, and use of the analytical tools or technical research tools, quantitative sector signals, sector decisions, investment criteria, and other elements that constitute the Edgartown Portfolio, Wellesley Portfolio, or Risk Managed Dividend Growth.

6.      All Documents through March 2011 concerning the inception date for, performance of, and due diligence or quality control related to the Edgartown Portfolio, Wellesley Portfolio, or Risk Managed Dividend Growth, including all such marketing materials, publicly filed Documents, and Communications (including Communications between Morton Wealth and BIC Group, LLC, Newfound Research, the BRL Law Group, or F-Squared).

7.      All marketing materials including PowerPoint documents, presentations, brochures, or pamphlets provided to any prospective client of Morton Wealth or David J. Morton during the years 2007 through 2010.

8.      Documents sufficient to identify clients or customers to whom Morton Wealth or David J. Morton provided consulting services during 2007 through 2012, including the addresses of such clients or customers, the dates of initial engagement between such clients or customers and Morton Wealth or David J. Morton, and the volume of assets of such clients or customers at the time of initial engagement with Morton Wealth or David J. Morton.

9.      All Documents provided by Morton Wealth, including David J. Morton, to F-Squared either:

  a.  Pursuant to the Statement of Work No. 1 attached to the Data Provider Agreement dated as of September 2, 2008;

  b.  Regarding any and all sector ETF signals relating to  the period April 1, 2008 – September 1, 2008; or

  c.  Regarding output from the Morton Wealth "search engine" relating to the period January 1, 2008 – September 1, 2008.