# Exhibit C

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, )<br><br>Plaintiff )<br><br>v. )<br><br>HOWARD B. PRESENT, )<br><br>Defendant. ) | CIVIL ACTION<br>NO. 1:14-cv-14692-LTS |

**MORTON WEALTH ADVISORS' RESPONSES AND OBJECTIONS TO HOWARD B. PRESENT'S SUBPOENA TO PRODUCE DOCUMENTS**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Morton Wealth Advisors, by and through its attorneys, Morgan, Lewis & Bockius LLP, responds and objects as follows to Defendant Howard B. Present's Subpoena to Produce Documents dated December 14, 2015 (the "Subpoena").

**GENERAL OBJECTIONS**

1.       The following objections apply to, and are incorporated by reference in, Morton Wealth Advisors' response to each and every request for Documents to be Produced contained in Exhibit A of the Subpoena (the "Requests for Production"):

2.       Morton Wealth Advisors objects to the Definitions and Instructions and to the Requests for Production to the extent that they seek to impose on Morton Wealth Advisors obligations that are inconsistent with, or exceed, those imposed by the Federal Rules of Civil Procedure and/or any applicable Local Rules.

3.       Morton Wealth Advisors objects to the Definitions and Instructions and to the Requests for Production to the extent they are vague, ambiguous, overly broad, unduly burdensome, not proportional to the needs of the case, not relevant to any party's claim or

defense or any issues of law and fact in this proceeding, and/or not reasonably calculated to lead to the discovery of admissible evidence.

4.      Morton Wealth Advisors objects to the Definitions and Instructions and to the Requests for Production to the extent they seek documents not in Morton Wealth Advisors' possession, custody, or control.

5.      Morton Wealth Advisors objects to the Definitions and Instructions and to the Requests for Production to the extent they are predicated upon erroneous assumptions or state incorrect facts.  By responding to the Subpoena, Morton Wealth Advisors does not agree with the assumptions or factual predicates contained in any of the Requests for Production.

6.      Morton Wealth Advisors objects to the Definitions and Instructions and to the Requests for Production to the extent they seek the production of "all" responsive documents or communications.

7.      Morton Wealth Advisors objects to the Definitions and Instructions and to the Requests for Production to the extent they seek information already known to Defendant or documents or information that is available to Defendant through other sources that are more convenient, less burdensome, and less expensive, including without limitation those Requests for Production that call for the production of documents that are publicly available or that are already in Defendant's possession, control, or custody.

8.      Morton Wealth Advisors objects to the Definitions and Instructions and to the Requests for Production to the extent they seek production of an entire document when only a portion or portions of the documents are responsive.  Morton Wealth Advisors reserves the right to produce only those portions of documents that are responsive to the Subpoena.

9.      Morton Wealth Advisors objects to the Requests for Production to the extent that they seek information relating to, concerning or reflecting confidential or proprietary business information, trade secrets or other confidential research or commercial information, including but not limited to confidential or proprietary information of third parties.

10.      Morton Wealth Advisors objects to the Requests for Production to the extent they seek disclosure of information obtained by Morton Wealth Advisors from third parties pursuant to any agreement or undertaking prohibiting Morton Wealth Advisors from disclosing such information.

11.      Morton Wealth Advisors objects to the Subpoena to the extent it calls for the production of computer stored data or electronically stored information and does not allow a reasonable amount of time for compliance with the Subpoena.

12.      Morton Wealth Advisors objects to the Subpoena to the extent it seeks to discover confidential financial information akin to party discovery, from a nonparty, as such information is wholly irrelevant to the discrete claims in this action and not proportional to the needs of the case.

13.      Morton Wealth Advisors objects to the Definitions and Instructions and to the Requests for Production to the extent they call for information or seek disclosure of materials prepared for or in anticipation of litigation or that is protected by the attorney-client privilege, work product doctrine, or any other applicable privilege, immunity, or protection.   The inadvertent disclosure of any privileged matter or information, or the inadvertent production of any privileged or protected document or materials shall not be deemed a waiver of any applicable privilege, immunity or protection with respect to such document or any other information or materials produced by Morton Wealth Advisors.

14.     By agreeing to produce documents, or by failing to object to a particular Request for Production, Morton Wealth Advisors does not acknowledge or admit that any responsive documents exist; that responsive documents are in the possession, custody or control of Morton Wealth Advisors; or that responsive documents are relevant to the claims and defenses in this action.  In addition, by providing a response to any Request for Production, Morton Wealth Advisors does not waive or otherwise limit any of these General Objections.

15.     Morton reserves its right to supplement or amend these objections and responses, to assert further objections, and to supplement any production of documents as appropriate and required by the Federal Rules of Civil Procedure.

16.     Counsel for Morton is prepared to discuss the objections presented herein with Defendant's counsel for the purpose of resolving any disputes that may arise without need for intervention by the Court.

## SPECIFIC OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

1.     Morton objects to Definitions No. 1 ("Morton Wealth") and No. 15 ("you," "yours," or "yourselves") as vague, overly broad, unduly burdensome, and not proportional to the needs of the case, to the extent they extend the scope of the Requests for Production to persons other than Morton Wealth Advisors and matters not relevant to this action, or any claim or defense of the parties.  Morton Wealth Advisors further objects to these Definitions to the extent they would require disclosure of privileged information in the possession, custody, or control of Morton Wealth Advisors' agents, attorneys, consultants, partners, or members. Morton Wealth Advisors' responses concerning "Morton Wealth" are made solely with respect to Morton Wealth Advisors.

2.      Morton Wealth Advisors objects to Definitions No. 2 ("Newfound Research"), No. 3 ("Copeland"), and No. 8 ("F-Squared") to the extent they seek to include entities not relevant to this action, or to extend the scope of the Requests for Production to matters not relevant to this action, or any claim or defense of the parties.

3.      Morton Wealth Advisors objects to Definitions No. 4 ("Edgartown Portfolio"), No. 5 ("Wellesley Portfolio"), and No. 6 ("Risk Managed Dividend Growth") as vague, overly broad, unduly burdensome, and not proportional to the needs of the case, to the extent they extend the scope of Requests for Production to persons other than Morton Wealth Advisors and matters not relevant to this action, or any claim or defense of the parties.  Morton Wealth Advisors further objects to these definitions to the extent they are predicated upon erroneous assumptions or state incorrect facts.

4.      Morton Wealth Advisors objects to Instruction No. 3 to the extent it seeks documents that are not in the possession, custody, or control of Morton Wealth Advisors. Morton Wealth Advisors further objects to this Instruction to the extent it purports to impute to Morton Wealth Advisors any possession, custody, or control of documents of persons or entities falling within the scope of the terms "affiliated entities," "employees," "attorneys," "agents," "representatives," or "family members."  Morton Wealth Advisors will produce responsive, non-privileged documents, in the possession, custody, or control of Morton Wealth Advisors only.

5.      Morton Wealth Advisors objects to Instruction No. 2 as constituting an overly broad and burdensome time period.

## SPECIFIC OBJECTIONS AND RESPONSES TO THE REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**

All Documents filed publicly by Morton Wealth through 2012 with a state or federal regulator.

**Response:**   Morton Wealth Advisors incorporates its General Objections and further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case.  Morton Wealth Advisors further objects to this Request to the extent it seeks to require the production of documents that are neither relevant to any party's claim or defense nor reasonably calculated to lead to the discovery of admissible evidence.  Documents publicly filed by Morton Wealth Advisors are wholly irrelevant to the underlying Securities and Exchange Commission ("SEC") action against Mr. Present regarding false and misleading statements made by Mr. Present.  Morton Wealth Advisors further objects to this Request to the extent it seeks documents that are publicly filed and are publicly available.

Responsive documents are being withheld on the basis that this Request is overly broad and seeks documents that are publicly available and that are not relevant or proportional to the needs of the underlying action.

**REQUEST NO. 2:**

Every Form ADV Part 2, and associated Forms F, G, and H, completed by and made publicly available by Morton Wealth through 2012.

**Response:**   Morton Wealth Advisors incorporates its General Objections and further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case.  Morton Wealth Advisors further objects to this Request to the extent it seeks to require the production of documents that are neither relevant to any party's claim or defense nor reasonably calculated to lead to the discovery of admissible evidence.  Documents publicly filed by Morton Wealth Advisors are wholly irrelevant to the underlying SEC action against Mr. Present regarding false and misleading statements made by Mr. Present.  Morton Wealth Advisors further objects to this Request to the extent it seeks documents that are publicly filed and are publicly available.

Responsive documents are being withheld on the basis that this Request is overly broad and seeks documents that are publicly available and that are not relevant or proportional to the needs of the underlying action.

- 6 -

**REQUEST NO. 3:**

All federal tax filings by Morton Wealth for the years 2007, 2008, 2009, and 2010.

**Response:**  Morton Wealth Advisors incorporates its General Objections and further objects to this Request as overly broad and not proportional to the needs of the case. Morton Wealth Advisors further objects to this Request as abusive, harassing, and/or oppressive. Morton Wealth Advisors further objects to this Request to the extent it seeks to require the production of documents that are neither relevant to any party's claim or defense nor reasonably calculated to lead to the discovery of admissible evidence. Morton Wealth Advisors further objects to this Request to the extent it seeks confidential or proprietary financial information akin to party discovery. Morton Wealth Advisors' federal tax filings are wholly irrelevant to the underlying SEC action against Mr. Present regarding false and misleading statements made by Mr. Present.

Responsive documents are being withheld on the basis that this Request is overly broad and seeks documents that are not relevant or proportional to the needs of the underlying action, and also contain confidential financial information.

**REQUEST NO. 4:**

All Communications through March 2011 within, between, or among Morton Wealth, Copeland, and Newfound Research concerning the investment strategies and objectives of the Edgartown Portfolio, Wellesley Portfolio, or Risk Managed Dividend Growth.

**Response:**  Morton Wealth Advisors incorporates its General Objections and further objects to this Request as vague, overly broad, unduly burdensome, and not proportional to the needs of the case. Morton Wealth Advisors further objects to this Request to the extent it seeks to require the production of documents that are neither relevant to any party's claim or defense nor reasonably calculated to lead to the discovery of admissible evidence. Edgartown Portfolio, Wellesley Portfolio, or Risk Managed Dividend Growth, to the extent they exist, do not belong to Morton Wealth Advisors, and are wholly irrelevant to the underlying SEC action against Mr. Present regarding false and misleading statements made by Mr. Present.

Morton Wealth Advisors objects to this Request to the extent it is predicated upon erroneous assumptions or states incorrect facts. Morton Wealth Advisors further objects to this

Request to the extent it seeks confidential or proprietary information, including confidential information received from a third party. Morton Wealth Advisors further objects to this Request to the extent it seeks information regarding documents not in Morton's possession, custody, or control, and/or available through other sources.

To the extent they exist, responsive documents are being withheld on the basis that this Request is overly broad and seeks documents that are not relevant or proportional to the needs of the underlying action, and which are available through other sources.

**REQUEST NO. 5:**

All Documents through March 2011 concerning the identification, determination, and use of the analytical tools or technical research tools, quantitative sector signals, sector decisions, investment criteria, and other elements that constitute the Edgartown Portfolio, Wellesley Portfolio, or Risk Managed Dividend Growth.

**Response:** Morton Wealth Advisors incorporates its General Objections and further objects to this Request as vague, overly broad, unduly burdensome, and not proportional to the needs of the case. Morton Wealth Advisors further objects to this Request to the extent it seeks to require the production of documents that are neither relevant to any party's claim or defense nor reasonably calculated to lead to the discovery of admissible evidence. Edgartown Portfolio, Wellesley Portfolio, or Risk Managed Dividend Growth, to the extent they exist, do not belong to Morton Wealth Advisors, and are wholly irrelevant to the underlying SEC action against Mr. Present regarding false and misleading statements made by Mr. Present.

Morton Wealth Advisors objects to this Request to the extent it is predicated upon erroneous assumptions or states incorrect facts. Morton Wealth Advisors further objects to this Request to the extent it seeks confidential or proprietary information, including confidential information received from a third party. Morton Wealth Advisors further objects to this Request to the extent it seeks information regarding documents not in Morton's possession, custody, or control, and/or available through other sources.

To the extent they exist, responsive documents are being withheld on the basis that this Request is overly broad and seeks documents that are not relevant or proportional to the needs of the underlying action, and which are available through other sources.

**REQUEST NO. 6:**

All Documents through March 2011 concerning the inception date for, performance of, and due diligence or quality control related to the Edgartown Portfolio, Wellesley Portfolio, or Risk Managed Dividend Growth, including all such marketing materials, publicly filed Documents, and Communications (including Communications between Morton Wealth and BIC Group, LLC, Newfound Research, the BRL Law Group, or F-Squared).

　　**Response:**

Morton Wealth Advisors incorporates its General Objections and further objects to this Request as vague, overly broad, unduly burdensome, and not proportional to the needs of the case. Morton Wealth Advisors further objects to this Request to the extent it seeks to require the production of documents that are neither relevant to any party's claim or defense nor reasonably calculated to lead to the discovery of admissible evidence. Edgartown Portfolio, Wellesley Portfolio, or Risk Managed Dividend Growth, to the extent they exist, do not belong to Morton Wealth Advisors, and are wholly irrelevant to the underlying SEC action against Mr. Present regarding false and misleading statements made by Mr. Present.

Morton Wealth Advisors objects to this Request to the extent it is predicated upon erroneous assumptions or states incorrect facts. Morton Wealth Advisors further objects to this Request to the extent it seeks confidential or proprietary information, including confidential information received from a third party. Morton Wealth Advisors further objects to this Request to the extent it seeks information regarding documents not in Morton's possession, custody, or control, and/or available through other sources.

To the extent they exist, responsive documents are being withheld on the basis that this Request is overly broad and seeks documents that are not relevant or proportional to the needs of the underlying action, and which are available through other sources.

**REQUEST NO. 7:**

All marketing materials including PowerPoint documents, presentations, brochures, or pamphlets provided to any prospective client of Morton Wealth or David J. Morton during the years 2007 through 2010.

**Response:** Morton Wealth Advisors incorporates its General Objections and further objects to this Request as vague, overly broad, and not proportional to the needs of the case, particularly to the extent they request "[a]ll marketing materials" for a three year period. Morton Wealth Advisors further objects to this Request to the extent it seeks to require the production of documents that are neither relevant to any party's claim or defense nor reasonably calculated to lead to the discovery of admissible evidence. Any marketing materials provided by Morton Wealth Advisors or Mr. Morton, to the extent they exist, are wholly irrelevant to the underlying SEC action against Mr. Present regarding false and misleading statements made by Mr. Present. Morton Wealth Advisors further objects to this Request to the extent it seeks confidential or proprietary information.

**REQUEST NO. 8:**

Documents sufficient to identify clients or customers to whom Morton Wealth or David J. Morton provided consulting services during 2007 through 2012, including the addresses of such clients or customers, the dates of initial engagement between such clients or customers and Morton Wealth or David J. Morton, and the volume of assets of such clients or customers at the time of initial engagement with Morton Wealth or David J. Morton.

**Response:** Morton Wealth Advisors incorporates its General Objections and further objects to this Request as overly broad and not proportional to the needs of the case. Morton Wealth Advisors further objects to this Request as abusive, harassing, and/or oppressive. Morton Wealth Advisors further objects to this Request to the extent it seeks to require the production of documents that are neither relevant to any party's claim or defense nor reasonably calculated to lead to the discovery of admissible evidence. The requested information regarding Mr. Morton's or Morton Wealth Advisors' clients or customers from 2007 to 2012 is wholly irrelevant to the underlying SEC action against Mr. Present regarding false and misleading statements made by

Mr. Present.   Morton Wealth Advisors further objects to this Request to the extent it seeks confidential or proprietary information.

**REQUEST NO. 9:**

All Documents provided by Morton Wealth, including David J. Morton, to F-Squared either:

> a.   Pursuant to the Statement of Work No. 1 attached to the Data Provider Agreement dated as of September 2, 2008;
>
> b.   Regarding any and all sector ETF signals relating to the period April 1, 2008 — September 1, 2008; or
>
> c.   Regarding output from the Morton Wealth "search engine" relating to the period January 1, 2008 — September 1, 2008.

**Response:**   Morton Wealth Advisors incorporates its General Objections and further objects to this Request as vague, overly broad, and not proportional to the needs of the case. Morton Wealth Advisors further objects to this Request to the extent it seeks to require the production of documents that are neither relevant to any party's claim or defense nor reasonably calculated to lead to the discovery of admissible evidence.   Morton Wealth Advisors further objects to this Request to the extent it seeks confidential or proprietary information.

Subject to and without waiving the foregoing objections, Morton Wealth Advisors agrees to produce non-privileged documents responsive to this Request to the extent that any such documents may have been among the over 40,000 pages of documents previously produced to the SEC.   Per Subpoena Instruction No. 1, Morton Wealth Advisors understands they need not reproduce to Defendant any such documents in response to the Subpoena.

By Its Attorneys,

_Jordan D. Hershman (JSD)_

Jordan D. Hershman
BBO #553709
jordan.hershman@morganlewis.com
Jacqueline S. Delbasty
BBO # 676284
jacqueline.delbasty@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Federal Street
Boston, MA  02110-1726
+1.617.341.7700

Dated:  January 8, 2016

## CERTIFICATE OF SERVICE

I, Jacqueline S. Delbasty, hereby certify that this document was sent to counsel

for Defendant Howard B. Present on January 8, 2016 by email and FedEx delivery.

_Jacqueline S. Delbasty_

Jacqueline S. Delbasty

- 12 -

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) | |
| Plaintiff | ) ) | |
| v. | ) ) | CIVIL ACTION<br>NO. 1:14-cv-14692-LTS |
| HOWARD B. PRESENT, | ) ) | |
| Defendant. | ) ) ) | |

## DAVID JAY MORTON'S RESPONSES AND OBJECTIONS TO HOWARD B. PRESENT'S SUBPOENA TO PRODUCE DOCUMENTS

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, David Jay Morton ("Morton"), by and through his attorneys, Morgan, Lewis & Bockius LLP, responds and objects as follows to Defendant Howard B. Present's Subpoena to Produce Documents dated December 14, 2015 (the "Subpoena").

## GENERAL OBJECTIONS

1.      The following objections apply to, and are incorporated by reference in, Morton's response to each and every request for Documents to be Produced contained in Exhibit A of the Subpoena (the "Requests for Production"):

2.      Morton objects to the Definitions and Instructions and to the Requests for Production to the extent that they seek to impose on Morton obligations that are inconsistent with, or exceed, those imposed by the Federal Rules of Civil Procedure and/or any applicable Local Rules.

3.      Morton objects to the Definitions and Instructions and to the Requests for Production to the extent they are vague, ambiguous, overly broad, unduly burdensome, not proportional to the needs of the case, not relevant to any party's claim or defense or any issues of

law and fact in this proceeding, and/or not reasonably calculated to lead to the discovery of admissible evidence.

4.      Morton objects to the Definitions and Instructions and to the Requests for Production to the extent they seek documents not in Morton's possession, custody, or control.

5.      Morton objects to the Definitions and Instructions and to the Requests for Production to the extent they are predicated upon erroneous assumptions or state incorrect facts. By responding to the Subpoena, Morton does not agree with the assumptions or factual predicates contained in any of the Requests for Production.

6.      Morton objects to the Definitions and Instructions and to the Requests for Production to the extent they seek the production of "all" responsive documents or communications.

7.      Morton objects to the Definitions and Instructions and to the Requests for Production to the extent they seek information already known to Defendant or documents or information that is available to Defendant through other sources that are more convenient, less burdensome, and less expensive, including without limitation those Requests for Production that call for the production of documents that are publicly available or that are already in Defendant's possession, control, or custody.

8.      Morton objects to the Definitions and Instructions and to the Requests for Production to the extent they seek production of an entire document when only a portion or portions of the documents are responsive.  Morton reserves the right to produce only those portions of documents that are responsive to the Subpoena.

9.      Morton objects to the Requests for Production to the extent that they seek information relating to, concerning or reflecting confidential or proprietary business information,

trade secrets or other confidential research or commercial information, including but not limited to confidential or proprietary information of third parties.

10.     Morton objects to the Requests for Production to the extent they seek disclosure of information obtained by Morton from third parties pursuant to any agreement or undertaking prohibiting Morton from disclosing such information.

11.     Morton objects to the Subpoena to the extent it calls for the production of computer stored data or electronically stored information and does not allow a reasonable amount of time for compliance with the Subpoena.

12.     Morton objects to the Subpoena to the extent it seeks to discover confidential financial information akin to party discovery, from a nonparty, as such information is wholly irrelevant to the discrete claims in this action and not proportional to the needs of the case.

13.     Morton objects to the Definitions and Instructions and to the Requests for Production to the extent they call for information or seek disclosure of materials prepared for or in anticipation of litigation or that is protected by the attorney-client privilege, work product doctrine, or any other applicable privilege, immunity, or protection. The inadvertent disclosure of any privileged matter or information, or the inadvertent production of any privileged or protected document or materials shall not be deemed a waiver of any applicable privilege, immunity or protection with respect to such document or any other information or materials produced by Morton.

14.     By agreeing to produce documents, or by failing to object to a particular Request for Production, Morton does not acknowledge or admit that any responsive documents exist; that responsive documents are in the possession, custody or control of Morton; or that responsive documents are relevant to the claims and defenses in this action. In addition, by providing a

response to any Request for Production, Morton does not waive or otherwise limit any of these General Objections.

15.     Morton reserves his right to supplement or amend these objections and responses, to assert further objections, and to supplement any production of documents as appropriate and required by the Federal Rules of Civil Procedure.

16.     Counsel for Morton is prepared to discuss the objections presented herein with Defendant's counsel for the purpose of resolving any disputes that may arise without need for intervention by the Court.

## SPECIFIC OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

1.     Morton objects to Definitions No. 1 ("Morton Wealth") and No. 15 ("you," "yours," or "yourselves") as vague, overly broad, unduly burdensome, and not proportional to the needs of the case, to the extent they extend the scope of the Requests for Production to persons other than Morton Wealth Advisors and matters not relevant to this action, or any claim or defense of the parties. Morton further objects to these Definitions to the extent they would require disclosure of privileged information in the possession, custody, or control of Morton Wealth Advisors' agents, attorneys, consultants, partners, or members. Morton's responses concerning "Morton Wealth" are made solely with respect to Morton Wealth Advisors.

2.     Morton objects to Definitions No. 2 ("Newfound Research"), No. 3 ("Copeland"), and No. 8 ("F-Squared") to the extent they seek to include entities not relevant to this action, or to extend the scope of the Requests for Production to matters not relevant to this action, or any claim or defense of the parties.

3.     Morton objects to Definitions No. 4 ("Edgartown Portfolio"), No. 5 ("Wellesley Portfolio"), and No. 6 ("Risk Managed Dividend Growth") as vague, overly broad, unduly

burdensome, and not proportional to the needs of the case, to the extent they extend the scope of

Requests for Production to persons other than Morton and matters not relevant to this action, or

any claim or defense of the parties.  Morton further objects to these definitions to the extent they

are predicated upon erroneous assumptions or state incorrect facts.

4.      Morton objects to Instruction No. 3 to the extent it seeks documents that are not in

the possession, custody, or control of Morton.  Morton further objects to this Instruction to the

extent it purports to impute to Morton any possession, custody, or control of documents of

persons or entities falling within the scope of the terms "affiliated entities," "employees,"

"attorneys," "agents," "representatives," or "family members."  Morton will produce responsive,

non-privileged documents, in the possession, custody, or control of Morton only.

5.      Morton objects to Instruction No. 2 as constituting an overly broad and

burdensome time period.

**SPECIFIC OBJECTIONS AND RESPONSES TO THE REQUESTS FOR PRODUCTION**

**REQUEST NO. 1:**

All Documents filed publicly by Morton Wealth through 2012 with a state or federal regulator.

**Response:**   Morton incorporates his General Objections and further objects to this

Request as overly broad, unduly burdensome, and not proportional to the needs of the case.

Morton further objects to this Request to the extent it seeks to require the production of

documents that are neither relevant to any party's claim or defense nor reasonably calculated to

lead to the discovery of admissible evidence.  Documents publicly filed by Morton Wealth

Advisors are wholly irrelevant to the underlying Securities and Exchange Commission ("SEC")

action against Mr. Present regarding false and misleading statements made by Mr. Present.

Morton further objects to this Request to the extent it seeks documents that are publicly filed and

are publicly available.

Responsive documents are being withheld on the basis that this Request is overly broad and seeks documents that are publicly available and that are not relevant or proportional to the needs of the underlying action.

**REQUEST NO. 2:**

Every Form ADV Part 2, and associated Forms F, G, and H, completed by and made publicly available by Morton Wealth through 2012.

**Response:**   Morton incorporates his General Objections and further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case. Morton further objects to this Request to the extent it seeks to require the production of documents that are neither relevant to any party's claim or defense nor reasonably calculated to lead to the discovery of admissible evidence.  Documents publicly filed by Morton Wealth Advisors are wholly irrelevant to the underlying SEC action against Mr. Present regarding false and misleading statements made by Mr. Present.  Morton further objects to this Request to the extent it seeks documents that are publicly filed and are publicly available.

Responsive documents are being withheld on the basis that this Request is overly broad and seeks documents that are publicly available and that are not relevant or proportional to the needs of the underlying action.

**REQUEST NO. 3:**

All federal tax filings by Morton Wealth for the years 2007, 2008, 2009, and 2010.

**Response:**   Morton incorporates his General Objections and further objects to this Request as overly broad and not proportional to the needs of the case. Morton further objects to this Request as abusive, harassing, and/or oppressive.  Morton further objects to this Request to the extent it seeks to require the production of documents that are neither relevant to any party's claim or defense nor reasonably calculated to lead to the discovery of admissible evidence. Morton further objects to this Request to the extent it seeks confidential or proprietary financial information akin to party discovery.  Morton Wealth Advisors' federal tax filings are wholly

irrelevant to the underlying SEC action against Mr. Present regarding false and misleading statements made by Mr. Present.

Responsive documents are being withheld on the basis that this Request is overly broad and seeks documents that are not relevant or proportional to the needs of the underlying action, and also contain confidential financial information.

**REQUEST NO. 4:**

All Communications through March 2011 within, between, or among Morton Wealth, Copeland, and Newfound Research concerning the investment strategies and objectives of the Edgartown Portfolio, Wellesley Portfolio, or Risk Managed Dividend Growth.

**Response:** Morton incorporates his General Objections and further objects to this Request as vague, overly broad, unduly burdensome, and not proportional to the needs of the case. Morton further objects to this Request to the extent it seeks to require the production of documents that are neither relevant to any party's claim or defense nor reasonably calculated to lead to the discovery of admissible evidence. Edgartown Portfolio, Wellesley Portfolio, or Risk Managed Dividend Growth, to the extent they exist, do not belong to Morton or Morton Wealth Advisors, and are wholly irrelevant to the underlying SEC action against Mr. Present regarding false and misleading statements made by Mr. Present.

Morton objects to this Request to the extent it is predicated upon erroneous assumptions or states incorrect facts. Morton further objects to this Request to the extent it seeks confidential or proprietary information, including confidential information received from a third party. Morton further objects to this Request to the extent it seeks information regarding documents not in Morton's possession, custody, or control, and/or available through other sources.

To the extent they exist, responsive documents are being withheld on the basis that this Request is overly broad and seeks documents that are not relevant or proportional to the needs of the underlying action, and which are available through other sources.

**REQUEST NO. 5:**

All Documents through March 2011 concerning the identification, determination, and use of the analytical tools or technical research tools, quantitative sector signals, sector decisions,

investment criteria, and other elements that constitute the Edgartown Portfolio, Wellesley Portfolio, or Risk Managed Dividend Growth.

    **Response:**   Morton incorporates his General Objections and further objects to this Request as vague, overly broad, unduly burdensome, and not proportional to the needs of the case.   Morton further objects to this Request to the extent it seeks to require the production of documents that are neither relevant to any party's claim or defense nor reasonably calculated to lead to the discovery of admissible evidence.   Edgartown Portfolio, Wellesley Portfolio, or Risk Managed Dividend Growth, to the extent they exist, do not belong to Morton or Morton Wealth Advisors, and are wholly irrelevant to the underlying SEC action against Mr. Present regarding false and misleading statements made by Mr. Present.

    Morton objects to this Request to the extent it is predicated upon erroneous assumptions or states incorrect facts.   Morton further objects to this Request to the extent it seeks confidential or proprietary information, including confidential information received from a third party. Morton further objects to this Request to the extent it seeks information regarding documents not in Morton's possession, custody, or control, and/or available through other sources.

    To the extent they exist, responsive documents are being withheld on the basis that this Request is overly broad and seeks documents that are not relevant or proportional to the needs of the underlying action, and which are available through other sources.

**REQUEST NO. 6:**

All Documents through March 2011 concerning the inception date for, performance of, and due diligence or quality control related to the Edgartown Portfolio, Wellesley Portfolio, or Risk Managed Dividend Growth, including all such marketing materials, publicly filed Documents, and Communications (including Communications between Morton Wealth and BIC Group, LLC, Newfound Research, the BRL Law Group, or F-Squared).

    **Response:**   Morton incorporates his General Objections and further objects to this Request as vague, overly broad, unduly burdensome, and not proportional to the needs of the case.   Morton further objects to this Request to the extent it seeks to require the production of documents that are neither relevant to any party's claim or defense nor reasonably calculated to

lead to the discovery of admissible evidence.  Edgartown Portfolio, Wellesley Portfolio, or Risk Managed Dividend Growth, to the extent they exist, do not belong to Morton or Morton Wealth Advisors, and are wholly irrelevant to the underlying SEC action against Mr. Present regarding false and misleading statements made by Mr. Present.

Morton objects to this Request to the extent it is predicated upon erroneous assumptions or states incorrect facts.  Morton further objects to this Request to the extent it seeks confidential or proprietary information, including confidential information received from a third party. Morton further objects to this Request to the extent it seeks information regarding documents not in Morton's possession, custody, or control, and/or available through other sources.

To the extent they exist, responsive documents are being withheld on the basis that this Request is overly broad and seeks documents that are not relevant or proportional to the needs of the underlying action, and which are available through other sources.

## REQUEST NO. 7:

All marketing materials including PowerPoint documents, presentations, brochures, or pamphlets provided to any prospective client of Morton Wealth or David J. Morton during the years 2007 through 2010.

**Response:**   Morton incorporates his General Objections and further objects to this Request as vague, overly broad, and not proportional to the needs of the case, particularly to the extent they request "[a]ll marketing materials" for a three year period.  Morton further objects to this Request to the extent it seeks to require the production of documents that are neither relevant to any party's claim or defense nor reasonably calculated to lead to the discovery of admissible evidence.  Any marketing materials provided by Morton or Morton Wealth Advisors, to the extent they exist, are wholly irrelevant to the underlying SEC action against Mr. Present regarding false and misleading statements made by Mr. Present.  Morton further objects to this Request to the extent it seeks confidential or proprietary information.

## REQUEST NO. 8:

Documents sufficient to identify clients or customers to whom Morton Wealth or David J. Morton provided consulting services during 2007 through 2012, including the addresses of such

clients or customers, the dates of initial engagement between such clients or customers and Morton Wealth or David J. Morton, and the volume of assets of such clients or customers at the time of initial engagement with Morton Wealth or David J. Morton.

**Response:** Morton incorporates his General Objections and further objects to this Request as overly broad, and not proportional to the needs of the case. Morton further objects to this Request as abusive, harassing, and/or oppressive. Morton further objects to this Request to the extent it seeks to require the production of documents that are neither relevant to any party's claim or defense nor reasonably calculated to lead to the discovery of admissible evidence. The requested information regarding Morton's or Morton Wealth Advisors' clients or customers from 2007 to 2012 is wholly irrelevant to the underlying SEC action against Mr. Present regarding false and misleading statements made by Mr. Present. Morton Wealth Advisors further objects to this Request to the extent it seeks confidential or proprietary information.

**REQUEST NO. 9:**

All Documents provided by Morton Wealth, including David J. Morton, to F-Squared either:

    a.    Pursuant to the Statement of Work No. 1 attached to the Data Provider Agreement dated as of September 2, 2008;

    b.    Regarding any and all sector ETF signals relating to the period April 1, 2008 — September 1, 2008; or

    c.    Regarding output from the Morton Wealth "search engine" relating to the period January 1, 2008 — September 1, 2008.

**Response:** Morton incorporates his General Objections and further objects to this Request as vague, overly broad, and not proportional to the needs of the case. Morton further objects to this Request to the extent it seeks to require the production of documents that are neither relevant to any party's claim or defense nor reasonably calculated to lead to the discovery of admissible evidence. Morton further objects to this Request to the extent it seeks confidential or proprietary information.

Subject to and without waiving the foregoing objections, Morton agrees to produce non-privileged documents responsive to this Request to the extent that any such documents may have

been among the over 40,000 pages of documents previously produced to the SEC.  Per Subpoena
Instruction No. 1, Morton understands they need not reproduce to Defendant any such
documents in response to the Subpoena.


By His Attorneys,


Jordan D. Hershman
BBO #553709
jordan.hershman@morganlewis.com
Jacqueline S. Delbasty
BBO # 676284
jacqueline.delbasty@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Federal Street
Boston, MA  02110-1726
+1.617.341.7700

Dated:  January 8, 2016


## CERTIFICATE OF SERVICE

I, Jacqueline S. Delbasty, hereby certify that this document was sent to counsel

for Defendant Howard B. Present on January 8, 2016 by email and FedEx delivery.


Jacqueline S. Delbasty