UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

SECURITIES AND EXCHANGE COMMISSION,  )
                     Plaintiff,

v.                                              Case No. 14-cv-14692-LTS

HOWARD B. PRESENT,
                     Defendant.

## ORDER

April 27, 2017

SOROKIN, D.J.

Plaintiff Securities and Exchange Commission has filed a Motion for Summary Judgment (Doc. 186) against Defendant Howard B. Present. After careful review of the voluminous record and a lengthy helpful argument from counsel, for the reasons that follow, the Court DENIES the Motion.

"[A] court may grant summary judgment only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Perez v. Lorraine Enterprises, Inc., 769 F.3d 23, 29 (1st Cir. 2014) (citing Fed. R. Civ. P. 56(a)). "A 'genuine' issue is one on which the evidence would enable a reasonable jury to find the fact in favor of either party." Id. (citation omitted). "A 'material' fact is one that is relevant in the sense that it has the capacity to change the outcome of the jury's determination." Id. (citation omitted). "When the movant bears the burden of proof at trial, he must demonstrate every element of his case such that no reasonable trier of fact could find other than for him." Harley-Davidson Credit Corp. v. Galvin, 807 F.3d 407, 411 (1st Cir. 2015) (citations, internal quotation marks, and

1

modifications omitted). "When considering the summary judgment record, all reasonable inferences are to be drawn in favor of the party opposing summary judgment, . . . just as all disputed facts are viewed in the light most favorable to him." Thompson v. Cloud, 764 F.3d 82, 87 (1st Cir. 2014) (citation, internal quotation marks, and modifications omitted).

The facts are essentially as follows: Defendant, the founder and former CEO of the investment advisory firm F-Squared, repeatedly claimed that one of F-Squared's products, an investment model called "AlphaSector," was based on a strategy that was used to manage live client assets since April 2001, and had significantly outperformed the S&P 500 index during that time. See Doc. 206 at 32. In fact, according to Plaintiff, AlphaSector was based on an algorithm that "was developed in the summer of 2008," so Defendant's claims about the AlphaSector model's performance before that time were materially misleading. Id. at 52; Doc. 1 at 2-3.

Viewing all disputed facts in the light most favorable to Defendant and drawing all reasonable inferences in his favor, his advanced possible defenses for which he has summary judgment record support include: (1) Jay Morton, the head of the company that developed the model which F-Squared acquired and marketed as AlphaSector, told Defendant a version of the model had been used to manage live client assets since April 2001, see Doc. 188-91 at 26; (2) Defendant relied on subordinates to handle much of the due diligence regarding the acquisition, see id. at 12-13, and assumed one of them would have told him if there was evidence contradicting Morton's claim; and (3) Defendant did not believe the 2008 algorithm altered the model so much that he could not discuss the model's pre-2008 performance when speaking to potential clients, see Doc. 206 at 32 (noting that marketing materials for AlphaSector claimed its "analytical engine" was "developed over 7+ year period").

Each of Plaintiff's legal claims requires showing either scienter or negligence on Defendant's part. See Doc. 1 at 44-47; SEC v. Tambone, 550 F.3d 106, 146 (1st Cir. 2008), withdrawn, 573 F.3d 54 (1st Cir. 2009), reinstated in relevant part, 597 F.3d 436, 450 (1st Cir. 2010); see also United States v. Bailey, 696 F.3d 794, 809 (9th Cir. 2012); 15 U.S.C. §§ 80b-6(1), (2), (4); id. § 80b-7. "Scienter is an intention to deceive, manipulate, or defraud." Flannery v. SEC, 810 F.3d 1, 9 (1st Cir. 2015) (citations and internal quotation marks omitted). Negligence, in this context, requires showing a defendant failed "to employ reasonable care to avoid misleading" investors. Tambone, 550 F.3d at 146 (citation and internal quotation marks omitted).

With respect to any counts that require showing scienter, viewing the record in the light most favorable to Defendant, a reasonable trier of fact could find: (1) Morton told Defendant, and Defendant believed him, that a version of the model had been used to manage live assets since April 2001; and (2) Defendant did not think the 2008 algorithm was so transformative that it would be deceptive to tout the model's performance before 2008. If a jury made these findings, it could then conclude Defendant had no intent to deceive, manipulate, or defraud. Thus, Plaintiff is not entitled to summary judgment on any claims that require showing scienter. Cf. SEC v. Locke Capital Management, Inc., 794 F. Supp. 2d 355, 365-67 (D.R.I. 2011) (granting summary judgment against a defendant on the issue of scienter, where there was "overwhelming evidence" she had simply fabricated a client).

With respect to any counts that require showing negligence, viewing the record in the light most favorable to Defendant, a reasonable trier of fact could find that it was reasonable for Defendant to: (1) believe Morton's alleged claim that a version of the model had been used to manage live assets since April 2001; (2) rely on employees to handle much of the due diligence

3

surrounding the acquisition of the model; and (3) assume one of his employees would have told him if there was evidence contradicting Morton's alleged claim. If a jury made these findings, it could then conclude Defendant employed reasonable care to avoid misleading investors. Thus, Plaintiff is not entitled to summary judgment on any claims that require showing negligence. Cf. SEC v. Gruss, __ F. Supp. 3d __, 2017 WL 1169622, at *58-59 (S.D.N.Y. 2017) (granting summary judgment against defendant on issue of negligence, where (1) defendant acknowledged knowing his actions were at least likely prohibited; (2) two colleagues told defendant they were concerned about the propriety of his actions; and (3) defendant never sought legal advice regarding their propriety).

For these reasons, Plaintiff's Motion for Summary Judgment (Doc. 186) is DENIED. The Court will hold a status conference on Friday April 28, 2017, at 3:00 p.m. to establish the trial date. Counsel may appear by phone, and should notify the Clerk if they intend to do so.

SO ORDERED.

  /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge