UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 14-cv-14692-LTS |
| HOWARD B. PRESENT, | ) ) ) | |
| Defendant. | ) ) | |

ORDER ON MOTION IN LIMINE (DOC. 223)

July 31, 2017

SOROKIN, D.J.

        Plaintiff Securities and Exchange Commission (SEC) has filed a Motion in Limine "to exclude evidence and testimony that lawyers reviewed and approved F-Squared's advertising and marketing material for its AlphaSector models, strategies, products, or indexes, or blessed [Defendant] Howard Present's disclosure of a backtested performance record as 'not backtested,' unless Present can make out the elements of an advice of counsel defense."  Doc. 223 at 1. Defendant states, once again, that "he does not intend to pursue" an advice-of-counsel defense at trial, Doc. 228 at 2, which would require him to show "that he (1) made a complete disclosure to counsel; (2) requested counsel's advice as to the legality of the contemplated action; (3) received advice that it was legal; and (4) relied in good faith on that advice."  Zacharias v. SEC, 569 F.3d 458, 467 (D.C. Cir. 2009) (citation and internal quotation marks omitted).  Nevertheless, Defendant still wishes to present evidence that he "engaged top counsel to ensure compliance with legal requirements, including specifically regarding the marketing of the AlphaSector indexes."  Doc. 228 at 1.

1

The Court finds such evidence is admissible to the extent it is relevant to whether Defendant acted in good faith and/or with due care in making the alleged misrepresentations about AlphaSector. See Doc. 216 at 3 ("Each of Plaintiff's legal claims requires showing either scienter or negligence on Defendant's part.") (citations omitted); see also Howard v. SEC, 376 F.3d 1136, 1147 (D.C. Cir. 2004) (stating that reliance on the advice of counsel "is not really a defense at all but simply some evidence tending to support a defense based on due care or good faith") (citation, internal quotation marks, and footnote omitted); United States v. Gorski, 36 F. Supp. 3d 256, 268 (D. Mass. 2014).[1]

The SEC argues that even if evidence about Defendant's consultations with counsel about F-Squared's marketing materials is relevant, the evidence should be precluded under Federal Rule of Evidence 403 because of "the likelihood of confusing the jury and unfairly prejudicing the SEC." Doc. 224 at 22 (citations omitted). The Court disagrees and believes that appropriate instruction will prevent undue prejudice and guide the jurors' consideration of this and all other evidence.[2]

The SEC also suggests that because no attorneys have stated they approved the alleged misrepresentations in this case, the Court should exclude all evidence concerning lawyers' review of AlphaSector's marketing materials. Doc. 233 at 2. The Court respectfully disagrees. Again, such evidence is relevant to whether Defendant acted with scienter or negligence. Moreover, it is the jury's role, not the Court's, to decide whether to believe any allegation that is not corroborated by F-Squared's former lawyers. See Musacchio v. United States, 136 S. Ct.

---

[1] If Defendant intends to offer evidence of consultations with counsel about a subject other than the marketing of AlphaSector, he must first receive permission from the Court outside the presence of the jury.

[2] Of course, this instruction will be very different than an advice-of-counsel instruction. See United States Courts for the Ninth Circuit, Model Jury Instructions: Advice of Counsel, http://www3.ce9.uscourts.gov/jury-instructions/node/376.

709, 715 (2016) (noting it is "the jury's role to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts") (citation and internal quotation marks omitted).

For the foregoing reasons, the Motion in Limine (Doc. 223) is DENIED.

SO ORDERED.

   /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge