UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SECURITIES AND EXCHANGE COMMISSION,
　　　　　Plaintiff,

v.

HOWARD B. PRESENT,
　　　　　Defendant.

CIVIL ACTION NO.
14-14692-LTS

**DEFENDANT'S MEMORANDUM IN SUPPORT OF
MOTION IN LIMINE TO EXCLUDE EVIDENCE REGARDING
ALLEGATIONS NOT SPECIFIED IN THE COMPLAINT**

Defendant Howard B. Present has moved to preclude the admission at trial of evidence concerning conduct not alleged in the Complaint of Plaintiff Securities & Exchange Commission (SEC). The SEC should be limited to presenting at trial its securities fraud case against Mr. Present as specified in its Complaint.

Rule 9(b) requires a complaint to "state with particularity the circumstances constituting [the] fraud" alleged. *S.E.C. v. Tambone*, 597 F.3d 436, 442 (1st Cir. 2010). "The heightened standard applies both where fraud is an essential element of the claim … and where the plaintiff alleges fraud even though it is not a statutory element of the offense." *S.E.C. v. Tambone*, 550 F.3d 106, 118 (1st Cir. 2008), *restated in part en banc*, 597 F.3d 436. Both the SEC's statutory claims in this case and allegations of fraud throughout their pleading require application of the Rule 9(b) particularity requirement to the SEC's Complaint. *See id.* at 146-47 (applying Rule 9(b) particularity standard to alleged violations of Sections 206(1) and 206(2) of the Advisers Act); *see also S.E.C. v. Egan*, 994 F. Supp. 2d 558 (S.D.N.Y. 2014) ("Claims sounding in securities fraud must meet the heightened pleading requirements of Rule 9(b).").

The purposes of the Rule 9(b) particularity requirement are "(1) to place the defendants on notice and enable them to prepare meaningful responses; (2) to preclude the use of a groundless fraud claim as a pretext to discovering a wrong …; and (3) to safeguard defendants from frivolous charges which might damage their reputations." *New England Data Servs, Inc. v. Becher*, 829 F.2d 28 (1st Cir. 1987). To fulfill these purposes, the SEC's Complaint is required to set out the "time, place, and content of the alleged misrepresentation[s] with specificity." *Tambone*, 597 F.3d at 442. "The complaint must 'also identify[ ] the basis for inferring scienter' by setting forth 'specific facts that make it reasonable to believe that defendant knew that a statement was materially false or misleading.'" *Hosseini v. Capital One, N.A.*, 217 F. Supp. 3d 441, 451 (D. Mass. 2016) (quoting *N. Am. Catholic Educ. Programming Found., Inc. v. Cardinale*, 567 F.3d 8, 13 (1st Cir. 2009)).

The SEC filed its Complaint in this action in December 2014. The Complaint's forty-eight pages set out the bases for Mr. Present's alleged fraud. *See generally* Compl. The Complaint details multiple alleged public statements by Mr. Present between October 2008 and September 2013 about the AlphaSector indexes that the SEC asserts were materially false and misleading. *See id.* ¶¶ 47 *et seq.*

However, during the two-and-a-half-year pendency of this case, other issues have arisen concerning F-Squared and AlphaSector that are not particularized in the Complaint. At the July 27 hearing on the SEC's motion in limine concerning "advice of counsel" evidence, the SEC stated explicitly that it intended to present at trial evidence regarding such purportedly fraudulent statements not identified in the Complaint.[1]

---

[1] *See* Hearing Trans. (July 27, 2017), at 54 ("MR. FULLER: Now, Ms. Hershfang has stated, and they put it in their brief, 'Well, they said it looks like -- your ads look like you're managing money. Make sure you're being clear about that.' I'm not going to dispute that, but that's not in the complaint. That's not what this case is about….. And if the SEC had brought a case on you misrepresented you were managing money and you weren't, then -- but that's not

2

Following the SEC's exhaustive investigation prior to filing this action, extensive discovery in this action, and years of proceedings related to this matter, the SEC cannot now insert previously unpled allegations, new purported misrepresentations, and/or novel theories of liability into the trial.  Discovery has been over for a year.  The SEC moved for summary judgment over nine months ago on the basis of the case alleged in the Complaint.  The SEC has had more than enough time to amend its Complaint and identify specifically any additional purported misrepresentations, or any other previously unpled bases, for its claims of alleged fraud by Mr. Present.

Injecting new allegations into the case now would facilitate the very kind of "trial by surprise" that court rules, including specifically Rule 9(b), are intended to prevent.  *See, e.g., Fisher v. Samuels*, 1988 WL 112196, at *1 (N.D. Ill. Oct. 20, 1988) (allowing motion in limine to preclude evidence of "alleged misrepresentations other than those specifically included in the amended complaint," pursuant to Rule 9(b)); *City of New Orleans v. AMBAC Assurance Corp.*, 2014 WL 7140056, at *2-3 (E.D. La. Dec. 12, 2014) (allowing motion in limine to exclude "newly alleged misrepresentations" omitted from complaint "that could have been properly pled" and subject to Rule 9(b)).  It would constitute an improper "'back-door' approach to pleading, especially when the parties are as far along in a proceeding as is the case here."  *See City of New Orleans*, 2014 WL 7140056, at *2-3.

Moreover, the introduction of new theories or allegations would be unduly unfair and patently prejudicial to Mr. Present.  Mr. Present and his counsel have spent more than two-and-a-half years preparing for a trial of the case that the SEC sets out in its Complaint, and trial should proceed accordingly.  *See* Fed. R. Evid. 403; *see also, e.g., Markos v. Sears, Roebuck and Co.*,

---

what the case is about."); *id.* at 54 ("MS. HERSHFANG: First, a quick note on the stuff that's not in the complaint. I want to be very clear that the SEC has sued Mr. Present for fraud related to false advertising and that this is all false advertising. So it is certainly part of our case, and it will be part of our case when we present our case to the jury.").

2007 WL 5162457, at *2 (C.D. Cal. Mar. 19, 2007) (allowing defendant's motion in limine pursuant to Rule 403 where "Plaintiff has not pled sufficient allegations to support this theory of relief, and Defendant has had no opportunity to conduct discovery on this theory"); *accord Febus-Cruz v. Sauri-Santiago*, 652 F. Supp. 2d 166, 168-69 (D.P.R. 2009) (denying leave to amend complaint three weeks before trial where "defendants would be unduly prejudiced by these amendments").  Enabling the SEC now to put on a different case would also open the door to inefficient trial proceedings, and to confusion of the issues and the jury, as Mr. Present would be faced with combatting novel eleventh-hour contentions.[2]  There is no conceivably fair grounds for such a last-minute change in what this case is about, and any effort to make such a change should be precluded.

## Conclusion

For the reasons set forth above, this Court should exclude from trial evidence and argument concerning any allegation or theory of Mr. Present's liability that is not specifically set for in the SEC's Complaint.

---

[2] The Court should be wary of attempts to justify on other grounds evidence regarding allegations not specified in the Complaint.  *See City of New Orleans*, 2014 WL 7140056, at *3 (Plaintiff's "attempt to put a 'Trojan Horse' packaging around these allegations to get these claims into Court as evidentiary support, all the while disguising the real purpose of the misrepresentations to serve as substantive allegations, is unfounded and misguided.").

Dated: August 25, 2017

Respectfully submitted,
HOWARD B. PRESENT,
By His Attorneys,

*/s/ Justin P. O'Brien*
Anthony E. Fuller (BBO# 633246)
Michael A. Collora (BBO# 092940)
Justin P. O'Brien (BBO# 658765)
Lauren A. Graber (BBO# 679226)
**COLLORA LLP**
100 High Street, 20th Floor
Boston, Massachusetts 02110
(617) 371-1000 telephone
(617) 371-1037 fax
mcollora@collorallp.com
afuller@collorallp.com
jobrien@collorallp.com
lgraber@collorallp.com

## CERTIFICATE OF SERVICE

I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on August 25, 2017.

*/s/ Justin P. O'Brien*