UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SECURITIES AND EXCHANGE COMMISSION,
         Plaintiff,

v.

HOWARD B. PRESENT,
         Defendant.

CIVIL ACTION NO.
14-14692-LTS

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION IN LIMINE
TO EXCLUDE EVIDENCE OF DEFENDANT'S PERSONAL FINANCES**

Defendant Howard B. Present has moved to preclude the admission at trial of evidence concerning his personal finances. During discovery, the SEC probed extensively into the financial circumstances of Mr. Present and his family, including his four school-aged children. Such evidence is irrelevant to this matter. *See* Fed. R. Evid. 401, 402. Even if it were marginally relevant, any probative value it may bear is substantially outweighed by the unfair prejudice of raising class distinctions with the jury and unnecessarily portraying Mr. Present as a "one-percenter." *See* Fed. R. Evid. 403.

The SEC has asserted that Mr. Present's family finances are highly relevant to establishing "his motive in committing and continuing the fraud" they allege, "and to his mental state while doing so." *See* Pl.'s Opp. Def.'s Mot. Quash Doc. Subpoenas, at 1 (Dkt. 66) (Jan. 15, 2016) ("Pl.'s Opp. Quash"). During discovery, the SEC combed through countless bank records and financial documents, tax filings, credit card statements, and the like. The SEC delved not only into how much money Mr. Present made while at F-Squared, or how much money he had at any given time, but scrutinized how he and his family spent money:

> The available bank records indicate that, in 2012, they began enrolling their children in private school. By 2013, checks show payments to private school for

all four children. The Presents appear to be members of the Eastward Ho Country Club, paying tens of thousands of dollars in dues each year.

Pl.'s Opp. Quash, at 7.[1]

Mr. Present's personal finances, spending habits, and "lifestyle" are irrelevant to his alleged motive to commit securities fraud. *See* Fed. R. Evid. 401. As the Seventh Circuit stated:

> We question [] whether the expenditure evidence was probative of motive. The government maintains that the evidence established the defendant's motive because it showed that [he] had an 'appetite' for money. But who doesn't? . . . [E]vidence that one has been enriched is probative of *participation* [in alleged wrongdoing, but that] does not . . . mean that evidence of a lavish lifestyle is relevant *to prove* a motive of enrichment.

*United States v. Ewings*, 936 F.2d 903, 906 (7th Cir. 1991); *see also United States v. Hatfield*, 685 F. Supp. 2d 320, 326 (E.D.N.Y 2010) ("[T]he relevant question is not how he acquired the money he used to fund his extravagant lifestyle. Instead, it is whether the . . . methods he used to acquire this money were legal. And to resolve this inquiry, it is irrelevant if [the defendant] spent his fortune on lavish parties, instead of donating it to starving Malawian orphans.").

Mr. Present admits that he was the CEO of F-Squared from 2006 to 2014, that F-Squared marketed the AlphaSector indexes, and that he received compensation and distributions from F-Squared that resulted, in part, from the licensing of AlphaSector. *See* Answer at ¶¶ 1, 3, 7. The jury will not be asked to determine damages; indeed, there were no investor losses stemming from the alleged conduct. The only questions in this case are whether F-Squared's marketing was false and misleading, and if so, whether Mr. Present had the requisite scienter. The details of the Present family's financial affairs simply have no bearing on the falsity of the statements, their materiality, Mr. Present's scienter, or any other element of the SEC's claims.

---

[1] The SEC ignores the fact that Mr. Present had already spent 20 years in the financial services industry and presumably had earned significant sums along the way. In order to rebut the suggestion that he was in financial straits in the Summer and Fall of 2008, Mr. Present would be forced to introduce evidence of his prior earnings and overall financial condition, risking further prejudice in the eyes of the jury.

Even if Mr. Present's personal finances were marginally relevant, the probative value of related evidence would be substantially outweighed by unfair prejudice. *See* Fed. R. Evid. 403. The SEC contends that Mr. Present's finances are relevant, at least at the time that F-Squared launched AlphaSector in 2008, because the company's finances—and Mr. Present's—were then "strained." Pl.'s Opp. Quash, at 5. Yet, evidence of such financial status has little value in establishing motive for perpetrating securities fraud, while posing substantial prejudice to Mr. Present. *See United States v. Mitchell*, 172 F.3d 1104, 1108-11 (9th Cir. 1999) (remanding for new trial where court allowed defendant's financial status as evidence of motive to rob); *id.* ("A rich man's greed is as much a motive to steal as a poor man's poverty. Proof of either, without more, is likely to amount to a great deal of unfair prejudice with little probative value.").

Moreover, any purported "strain" on F-Squared's or Mr. Present's finances in mid-to-late 2008 in no way justifies admitting evidence of Mr. Present's financial status or compensation at other times, or the financial standing and detailed expenditures by his family at any time. The SEC wants it both ways: financial strain is probative of Mr. Present's motive to perpetrate securities fraud, while subsequent financial security is probative of the fraud's success and of his motive to continue it. *Compare* Pl.'s Opp. Quash, at 5 ("Present's family finances were strained") *with id.* at 6 ("AlphaSector turned all this around") *and id.* at 7 ("AlphaSector's success had a direct impact on the Presents' life"). That makes no sense. Financial strain and financial success cannot both make Mr. Present's motive "more [] probable." *See* Rule 401.

This case is not about the financial status of Mr. Present or his family, nor should it be. Mr. Present's significant compensation as CEO of a successful financial services firm, like family expenditures for country clubs and private schools, could easily and improperly fuel biases, unwitting or otherwise, among the jury. *See Kinsey v. Cendant Corp.*, 588 F. Supp. 2d

516, 518 (S.D.N.Y. 2008) (excluding evidence of businessman-party's compensation package under Rule 403, and cautioning against appeals "to the fact finder's potential economic sympathies or prejudices"). All such evidence should be excluded.

### Conclusion

For the reasons set forth above, Defendant submits that the Court should preclude at trial all evidence regarding his and his family's personal financial circumstances, including without limitation:

(1) the amounts in personal savings and/or financial accounts held by Mr. Present or family members at any time;

(2) the amounts of Mr. Present's compensation from F-Squared; and

(3) the amounts and nature of personal expenditures by Mr. Present and/or his family.

Dated: August 25, 2017

Respectfully submitted,
HOWARD B. PRESENT,
By His Attorneys,

*/s/ Justin P. O'Brien*
Anthony E. Fuller (BBO# 633246)
Michael A. Collora (BBO# 092940)
Justin P. O'Brien (BBO# 658765)
Lauren A. Graber (BBO# 679226)
**COLLORA LLP**
100 High Street, 20th Floor
Boston, Massachusetts 02110
(617) 371-1000 telephone
(617) 371-1037 fax
mcollora@collorallp.com
afuller@collorallp.com
jobrien@collorallp.com
lgraber@collorallp.com

## **CERTIFICATE OF SERVICE**

  I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on August 25, 2017.

                   */s/ Justin P. O'Brien*