**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) **Case No. 1:14-CV-14692-LTS** |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| v. | ) |
| | ) |
| | ) |
| | ) |
| HOWARD B. PRESENT | ) |
| | ) |
| | ) |
| Defendant | ) |
| | ) |

## MOTION TO QUASH TRIAL SUBPOENA ISSUED TO NON-PARTY WITNESS ARJEN KUYPER

Non-party witness, Arjen Kuyper, hereby objects to and moves, pursuant to Fed. R. Civ. 45 to quash the trial subpoena issued by Justin P. O'Brien, Esq. on behalf of Defendant Howard B. Present. A copy of the trial subpoena is attached as Exhibit A to the Memorandum in support of this Motion.

As set forth in the accompanying Memorandum and Declaration of Samuel Kornhauser filed herewith, the trial subpoena should be quashed because this Court lacks personal jurisdiction over Mr. Kuyper, who is a resident of Reno, Nevada. His residence is more than 100 miles of travel (approximately 3,100 miles) from this Court. He is not a party or officer or employee of any party and he does not work in Massachusetts or within 100 miles of this Court, and he does not regularly travel to or conduct business within Massachusetts or within 100 miles of this Court or the State of Massachusetts. Martha's Vineyard Scuba Headquarters, Inc. v. Wrecked & Aban, 280 F.R.D. 76, 77 (D. Mass. 2011); Audi of Am., Inc. v. Bronsberg & Hughes Pontiac, Inc., 2017 WL 1471491 at *2 & 3 (M.D. Pa. Apr. 25, 2017). The trial subpoena should also be quashed on the grounds of that requiring Mr. Kuyper to attend the trial subjects him to undue burden, as Mr. Kuyper has difficulty traveling due to injuries to his ankles, which make it very difficult for him to travel long-distances, especially by plane. Mr. Kuyper would also suffer undue burden if the trial subpoena is not quashed because of the expense, he is semi-retired, he is responsible for providing assistance to his wife for taking care of his elderly father-in-law, which requires Mr. Kuyper to be close by (in Reno, NV) in order to help provide such care for his father-in-law. Also, Mr. Kuyper is not an indispensable or necessary witness. Defendant, Mr. Present, has listed a large number of witnesses who have much more knowledge than the limited (if any) non-relevant information Mr. Kuyper might possibly have.

The undersigned contacted Mr. Present's attorney after receiving the subpoena and asked him to withdraw the subpoena or the undersigned would have to move to quash and seek sanctions. Mr. Present's attorney asked the undersigned to wait because Mr. Kuyper might not

1

be called since the SEC had listed 60 witnesses, so Mr. Kuyper would not be called, if at all,

until October, after the SEC had presented its case. Mr. Present's attorney said he would get

back to the undersigned about withdrawing Mr. Kuyper's subpoena, however, he has not done

so as of this writing, and Mr. Kuyper cannot wait any longer to quash the subpoena.

DATED: September 8, 2017           Respectfully submitted,

By: /s/ Eva M. Zelnick
Kenneth C. Pickering (BBO # 634121)
Eva M. Zelnick (BBO # 676890)
Mirick, O'Connell, DeMallie & Lougee LLP
100 Front Street
Worcester, Massachusetts 01608-1477
Local Counsel to Non-Party Witness,
Arjen Kuyper

SAMUEL KORNHAUSER

By: **/s/ Samuel Kornhauser**
Samuel Kornhauser
Application to Appear *Pro Hac Vice*
Pending
Attorney for Non-Party Witness Arjen Kuyper
155 Jackson Street, Suite 1807
San Francisco, CA 94111
Telephone: (415) 981-6281
Facsimile: (415) 981-7616
Email: skornhauser@earthlink.net

## **L.R. 7.1 CERTIFICATION**

Counsel for non-party witness Arjen Kuyper certifies that counsel have conferred and attempted in good faith to resolve or narrow the issue raised by this motion.


DATED: September 8, 2017                    By: **/s/ Samuel Kornhauser**
                                                     Samuel Kornhauser



## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on the date above.


DATED: September 8, 2017                    By: **/s/ Eva M. Zelnick**
                                                     Eva M. Zelnick

3