# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>HOWARD B. PRESENT<br><br>Defendant | Case No. 1:14-CV-14692-LTS |

## MEMORANDUM IN SUPPORT OF NON-PARTY WITNESS ARJEN KUYPER'S MOTION TO QUASH TRIAL SUBPOENA

Non-party witness, Arjen Kuyper ("Kuyper"), hereby objects to and moves, pursuant to Fed. R. Civ. 45 to quash the trial subpoena issued by Justin P. O'Brien, Esq. on behalf of Defendant Howard B. Present. A copy of the trial subpoena is attached hereto as Exhibit A.

## ARGUMENT

### I. THE TRIAL SUBPOENA EXCEEDS THE GEOGRAPHICAL LIMITS OF RULE 45 AND MUST BE QUASHED

Mr. Kuyper received a trial subpoena issued by Counsel for Defendant Howard Present to appear at the September 11, 2017 trial commanding Kuyper's appearance at trial in the United States District Court for the District of Massachusetts, located at One Courthouse Way, Boston, Massachusetts 02210.

Mr. Kuyper resides in Reno, Nevada, which is located approximately 3,100 miles away from the trial location to which he has been commanded to appear. Mr. Kuyper does not reside, is not employed, and does not regularly transact any business in person within 100 miles of the Courthouse where the pending trial in this matter is set to take place.

This Court must quash the trial subpoena requiring Mr. Kuyper to appear for a trial, beyond Fed. R. Civ. P 45(c)(1)(A)'s geographical limits of 100 miles of where he resides, is employed, or regularly transacts business in person. Fed. R. Civ. P. 45(d)(3)(A)(ii), or (iv) if the subpoena subjects the person to undue burden. Martha's Vineyard Scuba Headquarters, Inc. v. Wrecked & Aban, 280 F.R.D. 76, 77 (D. Mass. 2011); Audi of Am., Inc. v. Bronsberg & Hughes Pontiac, Inc., 2017 WL 1471491 at *2 & 3 (M.D. Pa. Apr. 25, 2017).

As this Court lacks personal jurisdiction over Mr. Kuyper, a non-party, an "unnecessary witness" with no meaningful information, the trial subpoena should be quashed as it exceeds the geographical limits of 100 miles of Fed. R. Civ. P. 45(c)(1)(A).

## II. THE TRIAL SUBPOENA SHOULD BE QUASHED BECAUSE OF UNDUE BURDEN TO MR. KUYPER

This Court must quash the trial subpoena because it subjects Mr. Kuyper to undue burden. Fed. R. Civ. P. 45(d)(3)(A)(iv).

### UNDUE BURDEN TO MR. KUYPER

The trial subpoena must also be quashed on the grounds of undue burden to Mr. Kuyper. Mr. Kuyper would suffer undue burden if the trial subpoena is not quashed because he is responsible for assisting his wife in providing assistance to and taking care of his elderly father-in-law. Mr. Kuyper must remain close in proximity to his father-in-law (in Reno, Nevada) in order to be able to provide such care for his elderly father-in-law as needed and required. (Mr. Kuyper moved from Truckee, California to a house in Reno, Nevada to be close to his father-in-law).

Mr. Kuyper would also suffer additional undue burden if required to travel long-distances to Boston, Massachusetts for trial. Mr. Kuyper has difficulty traveling long distances due to injuries to his ankles. Traveling long-distances (in this case, approximately 3,100 miles each way) would create additional strain on Mr. Kuyper's ankles and cause him discomfort and pain.

Mr. Kuyper is not a necessary witness. The undersigned is informed and believes that Mr. Present has listed over 30 witnesses and the SEC has listed approximately 60 witnesses. All of those witnesses have more relevant information than Mr. Kuyper or have information that would be duplicative of any information Mr. Kuyper might have.

Based on the undue burden that would be suffered by Mr. Kuyper if his attendance is required at trial (it is not) and the lack of any relevant testimony Mr. Kuyper might have (none) that is not duplicative of testimony of numerous other witnesses, this Court should therefore quash the trial subpoena issued to this non-party, unnecessary witness Mr. Kuyper because of

the undue burden his appearance at trial would cause him and his family.

## III. L.R. 7.1 CERTIFICATION

The undersigned counsel certifies that he has conferred and attempted in good faith to resolve or narrow the issue with counsel Justin P. O'Brien and Anthony B. Fuller, but has not been able resolve or narrow the issue.

## CONCLUSION

For the foregoing reasons, Defendant Howard Present's subpoena to non-party witness Arjen Kuyper should be quashed, and he should be awarded his attorneys' fees of $1,500.00 for the 3 hours (at $500/hour) spent by Mr. Kornhauser, Mr. Kuyper's attorney, moving to quash the subpoena, plus costs (and additional attorneys' fees if Mr. Kornhauser is required to travel to Boston for a hearing on this motion to quash), and costs in moving to be admitted Pro Hac Vice, retaining local counsel, filing fees and travel to and from Boston.

DATED: September 8, 2017

Respectfully submitted,

By: /s/ Eva M. Zelnick
Kenneth C. Pickering (BBO # 634121)
Eva M. Zelnick (BBO # 676890)
Mirick, O'Connell, DeMallie & Lougee LLP
100 Front Street
Worcester, Massachusetts 01608-1477
Local Counsel to Non-Party Witness,
Arjen Kuyper

SAMUEL KORNHAUSER

By: /s/ Samuel Kornhauser
Samuel Kornhauser
Application to Appear *Pro Hac Vice*
Pending
Attorney for Non-Party Witness Arjen Kuyper
155 Jackson Street, Suite 1807
San Francisco, CA 94111
Telephone: (415) 981-6281
Facsimile: (415) 981-7616
Email: skornhauser@earthlink.net

3

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on the date above.

/s/ Eva M. Zelnick
Eva M. Zelnick

**EXHIBIT A**

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Massachusetts

| | | |
|---|---|---|
| Securities and Exchange Commission | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 14-cv-14692-LTS |
| Howard Present | ) | |
| *Defendant* | ) | |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To: Arjen Kuyper
1118 Nixon Avenue, Reno, NV 89509

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place: United States District Court for the District of Massachusetts, One Courthouse Way, Boston, MA 02110 | Courtroom No.: 13 |
|---|---|
| | Date and Time: 09/11/2017 9:00 am |

You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*:


The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: Aug 4 2017

*CLERK OF COURT*

_____           OR       _____
Signature of Clerk or Deputy Clerk                         Attorney's signature

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Howard Present
_____, who issues or requests this subpoena, are:

Anthony E. Fuller, Collora LLP, 100 High Street, 20th Fl. Boston, MA 02110
afuller@collorallp.com; 617-371-1032

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 2)

Civil Action No. 14-cv-14692-LTS

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                              *Server's signature*

                              _____
                              *Printed name and title*

                              _____
                              *Server's address*

Additional information regarding attempted service, etc.:

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).