**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, Plaintiff, v. HOWARD B. PRESENT, Defendant. | | CIVIL ACTION NO. 14-14692-LTS |

**Defendant's Responses to Plaintiff's Objections to Defendant's Designations from Deposition of Douglas MacLean**

| | Designation | Plaintiff's Objection | Defendant's Response |
|---|---|---|---|
| 1 | p.42, lines 3-7 | Lines 3-7 should not be included because MacLean misspoke and immediately corrected himself. To avoid confusing the jury, the designation should jump from line 1 (end of the original question) to line 9 (start of MacLean's real answer). | Defendant assents to these lines being removed. |
| 2 | p.42, lines 20-23 | There is no need to include the attorney's request for clarification. To avoid confusing the jury, the designation should jump from line 19 (end of the original question) to line 24 (start of MacLean's real answer). | Defendant assents to removing lines 22-23, the clarifying question from the attorney. Defendant believes lines 20-21 should be included as they contain substantive testimony (and reflect part of Mr. MacLean's "real answer") and will not confuse the jury. |

| 3 | p.47, line 1, to p.48, line 24 | Lack of personal knowledge. MacLean did not work at F-Squared and could not read minds. He had no first-hand knowledge that would enable to him to testify about whether F-Squared employees "felt free" to contact him or "took compliance seriously". His first-hand knowledge was limited to the fact that F-Squared hired him to conduct mock audits in 2010 and 2012. | Mr. MacLean testified that based on his personal knowledge and experience with F-Squared and other clients, as set forth in his testimony. |
|---|---|---|---|
| 4 | p.57, lines 3-18 | This excerpt is irrelevant. It does not involve attorney communications about the marketing of AlphaSector, which is the only proper subject for attorney testimony pursuant to the Court's July 31, 2017 Order on Motion in Limine (Dkt. #240). | The SEC's third claim is based on F-Squared's filing with the Commission of Form ADV (*See* Complaint, Dkt. 1 at ¶¶ 49, 66, 72, 102). Mr. MacLean is testifying here that he advised F-Squared on their ADVs. This is directly relevant to the SEC's third claim. |
| 5 | p.62, line, to 63, line 19 | Lack of personal knowledge. MacLean did not work at F-Squared and could not read minds. He had no first-hand knowledge of what the company was marketing or what potential clients were looking for. The speculative nature of MacLean's answers is evident from his reliance on "my impression" in p.63, line 2. | Mr. MacLean had knowledge of F-Squared's products through his routine work with the company and as necessary in order to render appropriate legal advice. His personal knowledge and understanding of the product is set forth in this portion of the testimony. |

Dated: September 15, 2017

Respectfully submitted,
HOWARD B. PRESENT,
By His Attorneys,

*/s/* Lauren A. Graber
Anthony E. Fuller (BBO# 633246)
Michael A. Collora (BBO# 092940)
Justin P. O'Brien (BBO# 658765)
Lauren A. Graber (BBO# 679226)
**HOGAN LOVELLS US LLP**
100 High Street, 20th Floor
Boston, Massachusetts 02110
(617) 371-1000 telephone
(617) 371-1037 fax
Lauren.Graber@hoganlovells.com

## **CERTIFICATE OF SERVICE**

I certify that this document was served upon counsel for the Securities and Exchange Commission, by electronic and first class mail, on September 15, 2017.

*/s/* Lauren A. Graber